DAVID E. MASTAGNI, Esq. (SBN 204244)
ISAAC STEVENS, Esq. (SBN 251245)
ACE T. TATE, Esq. (SBN 262015)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

NATHAN ALDER, Esq. (Utah State Bar No. 7126) (pending *pro hac vice* application*)*
SARAH E. SPENCER, Esq. (Utah State Bar No. 11141) (pending *pro hac vice* application*)*
BRYSON BROWN, Esq. (Utah State Bar No. 14146) (pending *pro hac vice* application*)*
**CHRISTENSEN & JENSEN**
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: 801-323-5000
Facsimile: 801-355-3472

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN GOLDTHORPE, JAMES DONOVAN, CHRIS BENNETT, JAMES ISHERWOOD and DAVID VINCENT, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHAY PACIFIC AIRWAYS LIMITED and USA BASING LIMITED,<br><br>Defendants. | Case No.:<br><br>[CLASS ACTION]<br><br>**COMPLAINT FOR:**<br>1. **Failure to Pay Overtime/Double-Time Compensation (Cal. Labor Code §§510, 1194)**<br>2. **Failure to Timely Pay Wages when Due (Cal. Labor Code §§204, 210)**<br>3. **Failure to Provide Meal Periods & Rest Periods When Required (Cal. Labor Code §§226.7, 512)**<br>4. **Failure to Pay Minimum Wage (Cal. Labor Code §§1182.12, 1197, Wage Order 9 section 4)**<br>5. **Failure to Pay Reporting Time Pay (Wage Order 9 §5);**<br>6. **Unlawful withholding of Wages earned pursuant to Statute or Contract (Cal. Labor Code §§221, 222, 223, 225.5)**<br>7. **Waiting Time Penalties (Cal. Code Cal. Labor Code §§203)** |

1    )    8.  **Failure reimburse costs and expenditures**
2    )        **incurred in the course of employment**
3    )        **(Cal. Labor Code §2802)**
     )    9.  **Violation of Prohibition on Securing**
4    )        **Unlawful Terms and Conditions in an**
5    )        **Employment Agreement (Cal. Labor**
     )        **Code §§432.5)**
6    )    10. **Failure to Adhere to California Record**
7    )        **Keeping Requirements (Cal. Labor**
     )        **Code §§ 226, 226.3, 1174, 1174.5, 1198;**
8    )        **Wage Order No. 9 §7)**
9    )    11. **Private Attorneys General Act Claim for**
     )        **Violation of Cal. Labor Code Provisions**
10   )        **(Cal. Labor Code § 2698** *et seq.***)**
11   )    12. **Unfair Business Practices (Cal. Business**
     )        **& Professions Code §17200** *et seq.***)**
12   )    13. **Declaratory Relief (28 U.S.C. §2201** *et.*
13   )        *seq.* **and Cal. Code of Civil Procedure**
     )        **§1060** *et. seq.***)**
14   )
     )        **Demand for Jury Trial**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF              *Goldthorpe, et. al. v. Cathay Pacific Airways Limited, et. al.*
THE CALIFORNIA LABOR CODE

## INTRODUCTION

1.      This is a class action seeking unpaid overtime wages, minimum wages, interest thereon, waiting time penalties, and other penalties, injunctive relief, declaratory relief and reasonable attorney fees and costs, under, *inter alia*, the California Labor Code and the California Business and Professions Code.

2.      DAN GOLDTHORPE, JAMES DONOVAN, CHRIS BENNETT, JAMES ISHERWOOD and DAVID VINCENT ("Plaintiffs" collectively), seek relief on behalf of themselves and all similarly situated current and former employees of Defendants, the general public of the State of California and those persons and entities affected by Defendants' unlawful and unfair practices.

3.      Plaintiffs bring this action against Defendants CATHAY PACIFIC AIRWAYS LIMITED (hereafter "CX"), a foreign corporation and USA BASING LIMITED (hereafter "USAB") also a foreign corporation (collectively, "Defendants").

## THE PARTIES

4.       Plaintiff DAN GOLDTHORPE is a natural person who is and at all relevant times a resident of the state of California.  He was at all times relevant hereto was employed by Defendants in a non-exempt position to perform work related to the flying of passenger aircraft that originated within the State of California.

5.      Plaintiff JAMES DONOVAN is a natural person who is and at all relevant times a resident of the state of California.  He is and at all relevant times hereto was employed by Defendants in a non-exempt position to perform work related to the flying of passenger aircraft that originates within the State of California.

6.      Plaintiff CHRIS BENNETT is a natural person who is a resident of the State of Washington. He is and at all relevant times hereto was employed by Defendants in a non-exempt position to perform work related to the flying of passenger aircraft that originates within the State of California.

7.      Plaintiff DAVID VINCENT is a natural person who is and at all relevant times was a resident of the State of Nevada.  He is and at all relevant times hereto was employed by Defendants in a non-exempt position to perform work related to the flying of passenger aircraft that originates within the State of California.

8.      Plaintiff JAMES ISHERWOOD is a natural person who is and at all relevant times was a

resident of the State of Texas.  He is and at all relevant times hereto was employed by Defendants in a non-exempt position to perform work related to the flying of passenger aircraft that originates within the State of California.

9.      On information and belief, CATHAY PACIFIC AIRWAYS LIMITED is a corporation organized under the laws of Hong Kong, with its operational headquarters located in Hong Kong and its California corporate headquarters located San Francisco, California.  On information and belief, CATHAY PACIFIC AIRWAYS LIMITED employs or has employed, at least forty (40) individuals in non-exempt positions to provide work related to the flying of passenger aircraft or freighter aircraft that originate within the State of California and related activities within the State of California during the applicable statutory time periods stated herein.  At all relevant times, CATHAY PACIFIC AIRWAYS LIMITED is and was Plaintiffs' and Class Members' "employer" pursuant to California law.

10.      On information and belief, USA BASING LIMITED is a corporation organized under the laws of Hong Kong, with its operational and corporate headquarters located in Hong Kong.  On information and belief, USA BASING LIMITED employs or has employed, at least forty (40) individuals in non-exempt positions to provide work related to the flying of passenger aircraft or freighter aircraft that originates within the State of California and related activities within the State of California during the applicable statutory time periods stated herein.  At all relevant times, USA BASING LIMITED is and was Plaintiffs' and Class Members' "employer" pursuant to California law.

## JURISDICTION AND VENUE

11.      Jurisdiction for this class action is conferred on this Court by 28 U.S.C. § 1332(d). The sum of Plaintiffs' claims and Class Members exceeds $5,000,000, exclusive of interest and costs.  Further, at least two plaintiffs are residents of states different than that of Defendants.

12.      This Court has supplemental jurisdiction over the California law claims alleged in this action under 28 U.S.C. § 1367, because they form part of the same case or controversy as the aforementioned claims.

13.      The United States District Court for the Northern District of California has personal jurisdiction over Defendants because Defendant CATHAY PACIFIC AIRWAYS LIMITED does business in

California and within this District, and because the acts giving rise to this action in substantial part occurred in this State and this District. Defendant CATHAY PACIFIC AIRWAYS LIMITED has applied to the California Secretary of State to do business in this state, and is doing business in California and within this District. Further, on information and belief, Defendant USA BASING LIMITED does business in California and within this District, directly and/or indirectly in conjunction with CATHAY PACIFIC AIRWAYS LIMITED.

14.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because a substantial part of the events giving rise to the claims described herein, including the work performed by Plaintiffs and Class Members, and the underpayment of wages earned but unpaid, occurred within the Northern District of California. Further, on information and belief, Defendants continue to perform substantial business operations within the Northern District of California. Most of the Plaintiffs are currently employed by Defendants and performed work giving rise to the claims set forth in this action within the Northern District of California. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within this judicial district. Each and every Defendant named is or was, at all times relevant hereto, a person, corporation or other business entity existing and operating within the confines of the State of California, employing individuals to work within this state and this district, and thus subject to the jurisdiction of California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiffs and Class Members, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California. Defendants maintain offices, operate businesses, employ persons, conduct business in, and pay Plaintiffs by illegal payroll practices and policies in the State of California.

## CLASS ACTION ALLEGATIONS

15.    Plaintiffs, on behalf of themselves and all other individuals similarly situated, repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

16.    Plaintiffs, as class representatives, bring this action on behalf of a class of all similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23. The proposed class includes the following similarly situated individuals ("Class Members"): all individuals employed by Defendants as pilots to

fly passenger and freighter aircraft and perform related activities for flights that originated within the State of California, who performed more than 8 hours of work in a workday and/or 40 hours in a workweek at any time during the period beginning four years before the filing of this action, or the effective date of any equitable tolling, whichever is earlier, and ending at the time this action proceeds to final judgment or settlement (the "Class Period"). Plaintiffs reserve the right to name additional class representatives and to identify sub-classes and sub-class representatives as may be necessary and appropriate.

17.    <u>Ascertainability</u>. The identity of all Class Members is readily ascertainable from Defendants' records, and class notice can be provided to all Class Members by conventional means such as U.S. mail, email, and workplace postings.

18.    <u>Numerosity</u>. The size of the class makes a class action both necessary and efficient.  On information and belief the class consists of over 40 non-exempt individuals currently employed or formerly employed by Defendants who performed work within the State of California during the applicable statute of limitations period(s). Members of the class are ascertainable but so numerous that joinder is impracticable. The class includes future class members who will benefit from the monetary, declaratory and injunctive relief sought herein and whose joinder is inherently impossible.

19.    <u>Common Questions of Law and Fact</u>. This case poses common questions of law and fact, which are likely to generate common answers advancing resolution of the litigation, affecting the rights of all Class Members, including:

a. whether Plaintiffs are exempt from overtime under California law as learned professionals;

b. whether Plaintiffs are exempt from overtime under California law as executives;

c. the legality of Defendants' compensation systems;

d. whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding recording and calculation of the payment of overtime are lawful;

e.  whether Defendants failed to pay all overtime earned to Plaintiffs and members of the Class for the purposes of California Labor Code § 204;

f. whether Defendants timely paid wages pursuant to California Labor Code § 204;

g. whether Defendants failure to timely pay wages was willful or intentional for the purposes

COMPLAINT FOR VIOLATIONS OF                     *Goldthorpe, et. al. v. Cathay Pacific Airways Limited, et. al.*
THE CALIFORNIA LABOR CODE

of California Labor Code § 210;

h. whether Defendants provided to Plaintiffs and Class Members meal periods in compliance with California Labor Code § 512;

i. whether Defendants provided to Plaintiffs and Class Members rest breaks in compliance with California Labor Code § 226.7;

j. whether Defendants failed to pay Plaintiffs and Class Members for all hours worked for the purposes of California Labor Code Cal. Labor Code §§ 1182.12, 1197, Wage Order 9 section 4;

k. whether Defendants failed to pay reporting time pay to Plaintiffs and Class Members who showed up for work when no work was provided pursuant to IWC Wage Order 9 section 5;

l. whether Defendants failure to pay Plaintiffs' and Class Members according to California Labor Code §§ 221, 222, 223 was willful or intentional for the purposes of California Labor Code § 225.5;

m. whether Defendants willfully failed to make timely payment of final wages to Plaintiff Goldthorpe and Class Members who quit or were discharged, as required by California Labor Code §§ 201-03;

n. whether Defendants provided Plaintiffs and Class Members with accurate itemized wage statements as required by California Labor Code § 226;

o. whether Defendants maintained records for Plaintiffs and Class Members as required under California Labor Code §§ 226 and 1174 and IWC Wage Order No. 9 section 7;

p. whether Plaintiffs and Class Members are entitled to penalties pursuant to the Private Attorneys General Act ("PAGA") for Defendants violation of the California Labor Code and IWC Order 9;

q. whether Defendants engaged in unfair and unlawful business practices in violation of Business and Professions Code §§ 17200 *et seq*. by violating the California Labor Code or IWC Wage Order No. 9;

r. whether Defendants CATHAY PACIFIC AIRWAYS LIMITED and USA BASING LIMITED are joint employers of Plaintiffs and Class Members

s. whether the named Defendants conspired with each other and/or with any unnamed co-conspirator(s), as alleged herein;

t. whether any Defendants aided and abetted other Defendants in the commission of the violations alleged herein;

u. whether any Defendants acted as the agent of other Defendants in the commission of the violations alleged herein;

v. what relief is necessary to remedy Defendants' unfair and unlawful conduct alleged herein.

20.    <u>Typicality</u>. The claims of the individual Plaintiffs are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which operated to deny Plaintiffs their overtime premiums, minimum wages, meal and rest break premiums, their untimely payment and other compensation, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other Class Members lawful compensation.

21.    <u>Adequacy of Class Representation</u>. The individual Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, not antagonistic to, the interests of the class.

22.    <u>Adequacy of Counsel for the Class</u>. Counsel for Plaintiffs have the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment and class action attorneys who have successfully litigated other cases involving similar wage and hour issues, including on a class action basis.

23.    <u>Propriety of Class Action Mechanism</u>. This suit is properly maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. This suit is also properly maintainable as a class action because the common questions of law and fact predominate over any questions affecting only individual members of the class. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

///

**JOINT LIABILITY ALLEGATIONS**

24.     Plaintiffs have been jointly employed by Defendants CX and USAB to pilot passenger and freighter aircraft.  On information and belief the same is true for members of the class.

25.     Much of Plaintiffs' work has been and is performed at the direction of supervisors based on specific guidelines, procedures, and protocols mandated by the Defendants individually and collectively.  On information and belief the same is true for other members of the Class.

26.     On information and belief, Defendant USAB has been a wholly-owned subsidiary of CX during the relevant time period.

27.     Defendant CX has, along with Defendant USAB during the relevant time period, jointly controlled and dictated all material terms and conditions of employment of Plaintiffs and Class Members, including but not limited to:

    a. Dictating the specific tasks to be undertaken by Plaintiffs and Class Members and the manner and order in which these tasks are to be completed, and enforcing detailed standard operating procedures governing the work of Plaintiffs and Class Members;

    b. Dictating the scheduling and hours of work of Plaintiffs as well as Class Members;

    c. Dictating the terms and conditions of employment of Plaintiffs and Class Members;

    d. Dictating the terms and conditions of compensation paid to Plaintiffs and Class Members;

    c. Facilitating the payment of wages to Plaintiffs and Class Members;

    d. Facilitating the timing of the payment of wages to Plaintiffs and Class Members;

    e. Facilitating the information provided to Plaintiffs and Class Members at the time of the payment of wages.

**GENERAL FACTUAL ALLEGATIONS**

28.     Defendants operate trans-Pacific passenger flights originating from Los Angeles International Airport in Los Angeles (hereafter "LAX") and San Francisco International Airport in San Francisco (hereafter "SFO") to Hong Kong.

29.     Defendants also operate freight flights all across the United States and internationally with significant operations originating/or taking place in California.

30.     Plaintiff DAN GOLDTHORPE is a resident of the State of California and began working as a

pilot for Defendants in 2008.  Plaintiff GOLDTHORPE's "home base" was SFO.  (As used herein "home base" is the airport out of which a pilot begins and ends his/her schedule.)

31.    Plaintiff JAMES DONOVAN is a resident of the State of California whose home base is SFO. Plaintiff DONOVAN has been employed as a pilot with Defendants for at least 16 years.

32.    Plaintiff CHRIS BENETT is a resident of the State of Washington with a home base of LAX. Plaintiff BENNETT has been employed as a pilot by Defendants for at least 13 years.

33.    Plaintiff JAMES ISHERWOOD is a resident of the State of Texas whose home base is LAX. Plaintiff ISHERWOOD has been employed as a pilot for Defendants for at least 10 years.

34.    Plaintiff DAVID VINCENT is a resident of the State of Nevada whose home base is SFO. Plaintiff VINCENT has been employed as a pilot for Defendants for at least the last 12 years.

35.    On information and belief Defendants employ approximately 170 other pilots based in the United States to fly passenger aircraft or freighter aircraft.  On information and belief most of these class members' home base is either SFO or LAX.

36.    Defendants did not require Plaintiffs to possess a degree related to aviation that was obtained through a prolonged course of specialized intellectual instruction.  On information and belief the same is true for other members of the class.  On information and belief the same is true for the airline industry.

37.    Defendants only required Plaintiffs to possess the required licensure and a specific number of hours operating aircraft and, on information and belief, the same is true of other members of the class.

38.    Defendants operate an apprenticeship program via their second officer classification and cadet program to enable such individuals to obtain the requisite hours for licensure.  On information and belief, Defendants use this apprenticeship program to train and develop pilots to assume the job classifications filled by Plaintiffs and Class Members.  On information and belief, Defendants do not require these apprentices to have any prolonged course of specialized intellectual instruction related to aviation.  On information and belief, this is consistent with the majority of the airline industry.

39.    Due to the physical nature of piloting the aircraft, Defendants subject Plaintiffs to routine medical exams to determine if their physical fitness level is sufficient to meet licensing requirements. On information and belief other members of the class are subject to the same physical fitness examinations.

40.    Defendants distribute Plaintiffs' schedule approximately two weeks in advance of the succeeding month on "Roster Day".  On information and belief, the same is true for other members of the class.  The roster details Plaintiffs' individual schedules for the coming month and, on information and belief, the same is true for other members of the class.

41.    Plaintiffs are scheduled for approximately one round trip flight per week (LAX to Hong Kong and back or SFO to Hong Kong and back).  On information and belief, the same is true for other passenger pilot members of the class.  Typically, Plaintiffs are scheduled for three round trip flights per month and, on information and belief, the same is true for other members of the class.

42.    On information and belief the roster is created by Defendants' flight operations personnel located in Hong Kong.  On information and belief, Defendants create the roster based on multiple factors including but not limited to a pilot's availability with respect to vacation and sick leave, his/her home base and maximum flight time hour restrictions governed by applicable licensing authorities.

43.    Once a roster is distributed, Defendants make it difficult for Plaintiffs to change their individual schedule due to these factors.  On information and belief the same is true for other members of the class.

44.    Defendants typically schedule Plaintiffs as members of a four pilot crew and, on information and belief, the same is true for other members of the class.  This typically consists of 1 captain, 2 first officers and a second officer.

45.    Plaintiffs' work begins well before the flight begins.  Defendants require Plaintiffs to perform multiple pre-flight duties before actually pushing back from the gate including but not limited to checking weather, determining how much fuel to carry, inspecting the aircraft, and logging repairs and maintenance performed on the plane in preparation for the flight. On information and belief, the same is true for other members of the class.  These activities take Plaintiffs, on average, an hour to an hour and ten minutes to complete.  On information and belief, the same is true for other members of the class.

46.    The method and manner of Plaintiffs' pre-flight procedures are outlined in Defendants' flight operations manual.  This manual does not provide any discretion or independent judgment to Plaintiffs with respect to execution of these duties and on information and belief the same is true for other

members of the class. Further, this flight operations manual does not contain any highly technical, or scientific information obtained through specialized intellectual instruction in the field of aviation that would prohibit Plaintiffs or second officers or cadets from being able to understand it and execute the required duties. On information and belief the same is true for other members of the class.

47.     Defendants have a policy which requires Plaintiffs to alternate between resting and operating the plane for trans-pacific flights. Typically, Defendants require Plaintiffs to operate the plane with another pilot for approximately a 7-7.5 hour shift. On information and belief the same is true for other members of the class. Defendants require Plaintiffs to operate the plane which is referred to as "pilot flying" ("PF"). Defendants require the other pilot monitors the pilot performing PF. This is referred to as "pilot monitoring" ("PM"). On information and belief the same is true for other members of the class. Defendants require that when Plaintiffs are not performing PM or PF to use this time to rest and recuperate in the upper cabin and use this time to eat and sleep. On information and belief the same is true for other members of the class. However, Defendants still require Plaintiffs to be available for emergencies and other circumstances that require more than a PF pilot or PM pilot. On information and belief the same is true for other members of the class. At the conclusion of this intra-flight shift, Defendants have the pairs switch. On information and belief the same is true for other members of the class. Plaintiffs engage the autopilot for the majority of their PF and PM duties but not for takeoffs and landings and on information and belief the same is true for other members of the class.

48.     Defendants not compensate Plaintiffs with meal and rest break premiums as a result of being suffered or permitted to work this schedule. On information and belief the same is true for other members of the class.

49.     During a flight, Plaintiffs rarely interact with cabin crew for the purposes of performing their pilot duties and, on information and belief, the same is true for other passenger pilot members of the class. Plaintiffs' primary responsibility involves flying (or monitoring thereof) of the aircraft or resting to perform such activities. On information and belief the same is true for other members of the class. Plaintiffs do not direct or supervise the cabin crew in the performance of their duties and on information and belief the same is true for other passenger pilot members of the class.

50.     When a flight lands and arrives at the gate, Defendants do not immediately release Plaintiffs

from their duties and, on information and belief, the same is true for other members of the class. Defendants require Plaintiffs to complete various paperwork tasks similar to their pre-flight duties as well as wait till all passengers exit the plane and on information and belief the same is true for other members of the class. These post flight duties take approximately 30-45 minutes for Plaintiffs to complete and, on information and belief, the same is true for other members of the class.

51.     When Plaintiffs are finally released after their post flight duties are complete at the Hong Kong Airport, they leave the airport and stay at a hotel owned by Defendants adjacent to the airport.  On information and belief, the same is true for other members of the class.

52.     Due to mandatory time off restrictions required by the applicable licensing authorities, Plaintiffs spend somewhere between 16-24 hours of time free of duty before working a flight to return to the United States.  On information and belief, the same is true for other members of the class.  Upon return to the United States, once post-flight job duties of a return flight are completed, Plaintiffs are finally allowed to leave the aircraft and return to their residence.  On information and belief the same is true for other members of the class.

53.     Plaintiffs work on average 16-17 hours days (including pre-flight and post flight duties) absent weather complications that lengthen flight time or flight delays.  On information and belief the same is true for other members of the class.

54.     When Plaintiffs receive the roster for the coming month they are also notified of the days they are required to serve reserve and, on information and belief, the same is true for other members of the class.  Defendants require Plaintiffs to serve as a reserve pilot to fill in for scheduled crew members who may become ill or unable to be part of the crew (e.g. missed connection, unplanned absence).  Defendants usually schedule Plaintiffs' reserve to precede or succeed actual flight duty days.  On information and belief, the same is true for other members of the class.

55.     Defendants schedule Plaintiffs for approximately three days a month on reserve at their home base.  On information and belief the same is true for other members of the class. Defendants typically schedule Plaintiffs for reserve day shifts in 4 to 12 hour blocks.  On information and belief the same is true for other members of the class.

56.     During a reserve day Plaintiffs are required to maintain their fitness for duty, and on

information and belief the same is true of other members of the class.  Defendants require Plaintiffs to refrain from engaging in specific activities that would inhibit their fitness for duty including but not limited to: refrain from drinking alcohol during these shifts.  On information and belief the same is true for other members of the class.  Plaintiffs must be immediately available by cell phone in the event they are called to serve in place of an absent crew member.  On information and belief, the same is true for other members of the class.  Plaintiffs are subject to discipline for not responding to a call to serve.  On information and belief, the same is true for other members of the class.  Per Defendants' policy, Defendants consider Plaintiffs as on duty during reserve periods.  On information and belief the same is true for other members of the class.

57.    If Plaintiffs are called into service on a reserve day they must be able to report to the aircraft within two hours and fifteen minutes of being called if the reserve day occurs in California.  On information and belief, the same is true for other members of the class.  Defendants expect Plaintiffs to spend Hong Kong reserve shifts at their hotel.  On information and belief, the same is true for other members of the class.  If Plaintiffs are called into service on a reserve day that occurs in Hong Kong they are required to leave Defendants' hotel within 45 minutes.  On information and belief the same is true for other members of the class.  Plaintiffs' reserve time is considered on duty with respect to the aviation licensing authorities and on information and belief the same is true for other members of the class.

58.    Defendants require Plaintiffs to obtain suitable accommodations within a 90 minute travel time radius to the aircraft at their home base on a reserve day that occurs in California.  On information and belief, the same is true for other members of the class.  Defendants forbid Plaintiffs from using airport lounges or coffee shops as suitable accommodations for reserve duties.  On information and belief, the same is true for other members of the class.  Plaintiffs who do not reside within the required radius of their home base must bear the cost of obtaining suitable accommodations such as a hotel room within the radius.  On information and belief, the same is true for other members of the class.  Defendants do not reimburse Plaintiffs for this expense and on information and belief the same is true for other members of the class.

59.    Defendants frequently call Plaintiffs to perform on reserve days.  On information and belief,

the same is true for other members of the class.  Defendants make it incredibly difficult for Plaintiffs to trade reserve duties due to maximum hour limitations and planned absences of other members of the class (e.g. vacation, extended sick leave, maternity leave, and days off, not residing near home base).  On information and belief, the same is true for other members of the class.  If Plaintiffs did not respond to Defendants' calls to serve on reserve shifts, very few if any other members of the class could be called to perform due to these constraints. On information and belief the same is true for other members of the class.  Finally, if Plaintiffs do not respond to Defendants' calls to serve on reserve shifts they are subject to discipline.  On information and belief, the same is true for other members of the class.

60.     Until recently (see *infra*), Plaintiffs were subject to a "Conditions of Service" (hereafter "COS") agreement that governed their terms and conditions of their employment with USAB and CX (COS99 issued in 1999 by USAB; COS08 issued in 2008 by USAB; COS16 issued in 2016 by CX; collectively COS's).  On information and belief, the same is true for other members of the class.  COS99 and COS08 stated that it would be governed by Hong Kong law.  COS16 stated it was governed by California law.  Defendants required Plaintiffs to execute COS08, COS99 and/or COS16 to obtain employment during the relevant time period.  On information and belief, the same is true for other members of the class

61.     Under the COS's, Defendants paid Plaintiffs a salary based on an 84 hour work schedule referred to "credit hours" per month.  On information and belief, the same is true for other members of the class.  Defendants based this 84 credit hour schedule on 3 round trip flights from LAX to Hong Kong and back, which is approximately 14 hours each way.  On information and belief, the same is true for other members of the class.

62.     Defendants pay Plaintiffs' salary primarily based on hours spent piloting aircraft called "sector time".  This means that Defendants only begin to pay Plaintiffs for actual hours of work after they push back from the gate and cease to do so after they have arrived at a gate.  On information and belief the same is true for other members of the class.

63.     Plaintiffs receive no credit hours towards the 84 credit hour salary for any pre-flight or post-flight activities Defendants require them to perform.  On information and belief, the same is true for other members of the class.  Further, Defendants did not treat Plaintiffs performance of pre-flight or post-flight activities as sector time for the purposes of their credit hour salary.  On information and

belief the same is true for other members of the class.

64.    Plaintiffs are unable to earn credit hours for reserve days (absent a certain threshold explained *infra*).  On information belief, the same is true for other members of the class.

65.    Plaintiffs receive "hourly duty pay" (hereafter "HDP") on credit hours achieved that is tiered up according to the total.  On information and belief, the same is true for other members of the class.  Defendants use HDP to induce Plaintiffs to show up for work and forgo sick leave provided by the COS and perform their duties.  On information and belief, the same is true for other class members.  Defendants did not pay Plaintiffs HDP for activities performed that were not considered sector time.  For example, Plaintiffs never received HDP for pre-flight or post-flight activities.  On information and belief the same is true for other members of the class.  Further, Plaintiffs never receive HDP for any reserve duties not compensated by the terms of the COS's, and on information and belief, the same is true for other members of the class.  When Defendants pay HDP to Plaintiffs it is paid one month in arrears and on information and belief the same is true for other members of the class.

66.    Under the COS's, Plaintiffs are eligible to receive payments in lieu of contributions to a retirement plan called "Cash in Lieu of Provident Fund" (hereafter "CLPF").  On information on belief, the same is true for other members of the class.  During their employment, Defendants paid to Plaintiffs GOLDTHORPE and DONOVAN CLPF payments as taxable wages.  On information and belief the same is true for other members of the class.

67.    Also under the COS's, Plaintiffs were eligible to receive payments labeled Qualification Pay "QP" for the ability to be able to act as a senior officer who can fly the aircraft along with a second officer.  On information and belief, the same is true for other members of the class.  All Plaintiffs have received QP while employed with Defendants during the relevant time period.  On information and belief the same is true for other members of the class.

68.    Another item of compensation Defendants provided under the COS's to Plaintiffs, is a crew compliment premium ("CCP") for operating an aircraft with less than the typical compliment of pilots.  On information and belief, the same is true for other members, of the class.  Depending on the crew compliment, Plaintiffs receive either 1.07x or 1.14x their credit hour rate (1/84 their monthly rate) and on information and belief the same is true for other members of the class.  Defendants did not pay

Plaintiffs CCP for activities performed that were not considered sector time. On information the same is true for other member of the class.

69.    When Plaintiffs' work longer than the 84 hours on which their salary is based, they are compensated with Excess Flying Pay ("EFP"). On information and belief, the same is true for other members of the class. Plaintiffs are eligible to receive EFP at 1.5x their credit hour rate (monthly salary including all HDP earned / 84) for hours worked more than 84 and up to 92 in a month. On information and belief, the same is true for other members of the class. Plaintiffs are eligible to receive EFP at 2.5x their credit hour rate (monthly salary including all HDP earned / 84) for hours worked more than 92 and up to 100 in a month. On information and belief the same is true for other members of the class. Finally, Plaintiffs are eligible to receive EFP at 3.5x their credit hour rate (monthly salary including all HDP earned / 84) for hours worked beyond 100 in a month. On information the same is true for other member of the class.

70.    Defendants do not make EFP payments to Plaintiffs when they work beyond 8 hours in a day, or beyond 12, or 40 in a week. On information and belief, the same is true for other members of the class. Rather, Defendants only pay EFP to Plaintiffs when they reach the applicable threshold set by the COS which accounts for EFP on a monthly accrual basis. On information and belief, the same is true for other members of the class. As a result, Plaintiffs typically do not earn EFP until later in the month (e.g. third or fourth week) despite working beyond eight or twelve hours in a day. On information and belief, the same is true for other members of the class.

71.    When Defendants paid Plaintiffs EFP, they did not include any extra incentive payments received by Plaintiffs such as HDP, QP, CLPF payments or CCP in determining their rate of pay. On information and belief, the same is true for other members of the class who received such payments. When Defendants pay EFP to Plaintiffs it is paid one month in arrears. On information and belief, the same is true for other members of the class.

72.    Plaintiffs do not receive EFP for pre-flight or post-flight activities. On information and belief, the same is true for other members of the class.

73.    Under the COS's, Plaintiffs are not compensated for reserve days until they serve at least thirty shifts in the year beginning and ending with the month of their birth. On information and belief, the

same is true for other members of the class.  Further, when Plaintiffs are required by Defendants to serve reserve days beyond thirty, they are only paid 3.86x their credit hour rate, regardless of the length of the reserve duty.  On information and belief, the same is true for other members of the class.

74.     Defendants require Plaintiffs to complete training, recertification, simulator training, etc. and other activities related to maintaining their license.  On information and belief, the same is true for other members of the class.  Plaintiffs are paid for this time but the rate and/or time of the activity may not be fully compensated.  For example, simulator training may take 5.5 hours, but Plaintiffs only receive 3.86 credit hours.  On information and belief, the same is true for other members of the class.  Further, Defendants require Plaintiffs to complete ABT training, which usually is about a 7 hour day but only pay Plaintiffs 3.86 credit hours for this time.  On information and belief the same is true for other members of the class.

75.     Defendants require Plaintiffs to complete online training or "e-learning." On information and belief, the same is true for other members of the class.  This training relates to simulator training that Plaintiffs have to complete.  Plaintiffs complete this e-learning training remotely, through logging into an online portal to complete it.  On information and belief, the same is true for other members of the class.  Plaintiffs spend approximately 10-20 hours in total per year completing e-learning.  On information and belief, the same is true for other members of the class.  Defendants do not count time spent e-learning toward Plaintiffs' 84 credit hour salary threshold.  On information and belief, the same is true for other members of the class.  Plaintiffs do not receive any compensation for e-learning.  On information and belief, the same is true for other members of the class.

76.     Plaintiffs occasionally report to the airport for a flight, only to be informed their flight has been cancelled or delayed.  On information and belief, the same is true for other members of the class.  Plaintiffs are not paid for reporting to their home base for work when their flight is cancelled.  On information and belief, the same is true for other members of the class.  When a flight is delayed after Plaintiffs report to the airport (or prior to pushing back from the gate) or Plaintiffs have to wait after arriving at the gate to deplane, Defendants do not count any of this time towards their 84 credit hour salary threshold.  On information belief, the same is true for other members of the class.  Defendants do not compensate Plaintiffs for any time spent during delays prior to gate departure at origin or waiting

to deplane after gate arrival at destination.  On information and belief, the same is true for other members of the class.  When Plaintiffs were subject to these types of delays Defendant did not consider this sector time.  On information and belief the same is true for other members of the class.

77.    Defendants only paid Plaintiffs once a month when then they were on COS99 and COS08.  On information and belief, the same is true for other members of the class.  During this time, Defendants issued to Plaintiffs wage statements from Defendant USAB as the payor of wages for CX.  On information and belief, the same is true for other members of the class.

78.    During this time period, the wage statements Defendants furnished to Plaintiffs did not list an address for the employer.  On information and belief, the same is true for other members of the class.

79.    Defendants' furnished to Plaintiffs' wage statements that did not list any applicable rates of pay.  On information and belief, the same is true for other members of the class.

80.    Defendants furnished wage statements to Plaintiffs that did not list all hours worked such as pre-flight and post-flight activities as well as reserve days, or delayed flight hours.  On information and belief, the same is true for other members of the class.

81.    Defendants paid EFP to Plaintiffs one month in arrears.  On information and belief, the same is true for other members of the class.

82.    Defendants paid HDP to Plaintiffs one month in arrears.  On information and belief, the same is true for other members of the class.

83.    In approximately December 2015, Plaintiffs were "transferred" from USAB to CX in furtherance of an "on-shoring" initiative.  On information and belief, the same is true for other members of the class.  Defendants did not substantively change the policies or procedures applicable to Plaintiffs governing their wages, hours or working conditions of employment.  On information and belief the same is true for other members of the class.  Further, there was no substantial change in Defendants' personnel responsible for applying the policies and procedures governing Plaintiffs' wages, hours and working conditions.

84.    As part of this on-shoring, Plaintiffs transitioned to COS16 which went into effect on January 1, 2016.  On information and belief, the same is true for other members of the class.  Under COS16, Defendants reserve the right to terminate Plaintiffs for filing bankruptcy.  On information and belief,

the same is true for other members of the class.  Further, this Agreement also stated that Defendants had the right to terminate Plaintiffs if they commit conduct on or off duty that is prejudicial to the interests, good name or reputation of Defendants.  On information and belief, the same is true for other members of the class.  COS16 provided substantially similar terms of compensation as COS99 and COS08.  On information and belief, the same is true for other members of the class.

85.    While on COS16, Defendants issued to Plaintiffs wage statements only once a month.  On information and belief the same is true for other members of the class.  These wage statements identified Defendant CX as the employer and on information and belief the same is true for other member of the class.  Second, Defendants' furnished to Plaintiffs' wage statements that did not list any applicable rates of pay, and on information and belief, the same is true for other members of the class.  Third, Defendants issued to Plaintiffs wage statements that did not list all hours worked that were not compensated such as pre and post flight activities as well as reserve days, flight delay hours, and on information and belief the same is true for other members of the class.

86.    In August 2016, Plaintiff GOLD THORPE left employment with Defendants.  Defendants subjected Plaintiffs to a policy that required they provide at least three months' notice prior to quitting.  On information and belief, the same is true for other members of the class.  Per the policy, if Plaintiffs did not provide the required notice they would have their vacation wages prorated based on the lack of notice provided upon separation.  On information and belief, the same is true for other members of the class.

87.    Members of the class recently formed a union that was recognized by the National Mediation Board.  A collective bargaining agreement was ratified by the members of the class and went into effect on September 1, 2016.  The collective bargaining agreement contained significant terms and conditions of employment from COS08 and COS16.

88.    Defendants continue to not pay any compensation to Plaintiffs for pre-flight and post-flight duties.  On information and belief, the same is true for other members of the class.

89.    Defendants continue to not pay any compensation to Plaintiffs for reserve days (unless they have performed at least 30 reserve days within the year beginning and ending with their birth month).  On information and belief the same is true for other members of the class.

90.    Defendants continue to not pay meal and rest break premiums for missed, late, and/or not completing relieving Plaintiffs of all duties during meal periods and rest breaks.  On information and belief the same is true for other members of the class.

91.    On March 17, 2017 Plaintiffs dispatched notice of the foregoing to the Labor Workforce and Development Agency ("LWDA") and to the Defendants.  The LWDA has not communicated their intent to investigate as of the date of this filing.

### FIRST CLAIM FOR RELIEF
**Failure to Pay Overtime Wages**
**[Cal. Labor Code §§510, 1194, 1198; IWC Wage Order No. 9, §3]**
**(Brought by all Plaintiffs on behalf of themselves and the Class**
**against all Defendants)**

92.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

93.    It is unlawful under California law for an employer to require, suffer or permit a non-exempt employee to work in excess of eight hours per workday or 40 hours per workweek without paying premium wages at one and half times the employee's regular rate of under California Labor Code § 510 and IWC Wage Order 9 section 3.

94.    It is also unlawful under California law for an employer to require, suffer or permit a non-exempt employee to work in excess of twelve hours per workday or beyond eight hours on the seventh consecutive workday in the workweek without paying premium wages at double the employee's regular rate of under California Labor Code § 510 and IWC Wage Order 9 §3.

95.    California law interprets the regular rate in the same manner as the FLSA. (*Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 902-903)

96.    California law requires that when an employer directs, commands or restrains an employee and prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control this constitutes hours worked and that employee must be paid. (*Mendiola v. CPS Security Solutions* (2015) 60 Cal.4th 833.)

97.    California Labor Code § 1198 prevents an employer from employing an individual for longer hours than the IWC sets or under conditions the IWC prohibits.  California Labor Code § 1194(a)

1    entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due

2    but not paid.

3    98.    Plaintiffs and Class Members are current and former non-exempt employees entitled to the

4    protections of California Labor Code § 510, 1194, and IWC Wage Order No. 9.

5    99.    Plaintiffs and Class Members have worked and at times continue to work in excess of eight

6    hours per workday and in excess of 40 hours per workweek, beyond twelve hours per work day and

7    beyond the eighth hour on the seventh consecutive day of the workweek.

8    100.    During the Class Period, Defendants have failed and continue to fail to include all remuneration

9    received by Plaintiffs into the calculation of their respective regular rates of pay including but not

10    limited to HDP, QP, and CLPF.  On information and belief, the same is true for other members of the

11    class.

12    101.    Defendants required, permitted, or suffered Plaintiffs to perform pre-flight and post-flight

13    activities beyond eight and twelve hours in a workday work and on information and belief the same is

14    true for other members of the class.

15    102.    During the Class Period, Defendants failed to pay Plaintiffs for overtime and/or double-time

16    hours worked for reserve days and, on information and belief, other members of the class.  Defendants

17    exercised control over Plaintiffs and Class Members during reserve days to such an extent that it

18    constitutes hours worked.  Defendants exercised their control over Plaintiffs and Class Members by

19    including but not limited to: (1) requiring that reserve days be served at the Defendants' premises, (2)

20    setting an excessive geographical limitation through a response time radius when called to serve on a

21    reserve day (3) Defendants' frequent calls to Plaintiffs and Class Members to actually serve on reserve

22    days (4) setting a fixed time limit to respond that was unduly restrictive on Plaintiffs and Class

23    Members, (5) making it difficult for Plaintiffs and Class Members from being able to trade reserve

24    duties based on availability of other pilots' license restrictions, (6) limiting the ability of Plaintiffs and

25    Class Members from engaging in certain activities while on reserve, (7) and the fact that reserve shift

26    structure serve the business interests of Defendants so that they do not have to cancel high revenue,

27    high profit trans pacific passenger flights, (8) Defendants considered Plaintiffs as on duty during

28    reserve periods.

103.     Plaintiffs and other members of the class have not received all overtime and double-time compensation to which they are entitled under the California Labor Code and Industrial Welfare Commission Order 9 section 3.

104.     During the Class Period, Defendants have followed a policy and practice of not paying Plaintiffs and Class Members properly for daily overtime and double-time compensation and have failed and continue to fail to properly compensate Plaintiffs and Class Members for all overtime hours worked under California law.

105.     Defendants have committed the acts alleged herein knowingly and willfully.

106.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages, including but not limited to unpaid overtime wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 9 section 3.

<u>**SECOND CLAIM FOR RELIEF**</u>
**Failure to Timely Pay All Wages When Due**
**[Cal. Labor Code §§204, 210]**
**(Brought by Plaintiffs on behalf of themselves and the Class against all Defendants)**

107.     Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

108.     California Labor Code § 204 requires all wages be paid on at least a semi-monthly basis to non-exempt employees.  Further, any wages earned for labor in excess of the normal work period must be paid no later than the following pay period's pay date.

109.     California Labor Code § 210 provides that any person who fails to pay wages due any employee in violation of section 204 shall be subject to a civil penalty for an initial violation of $100 for each failure to pay each employee, and for each subsequent violation or any willful or intentional violation of $200 for each failure to pay each employee plus 25 percent of the amount unlawfully withheld.

110.     During the Class Period, Plaintiffs and Class Members earned wages including but not limited to overtime compensation whether guaranteed by statute or contract for which they were never paid and/or were paid after the legally required date.

111.    Defendants failed to timely pay these wages to Plaintiffs and members of the class.

112.    Defendants' failure to timely pay these wages when due was willful and/or intentional.

113.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA") on March 17, 2017.  The LWDA has not communicated its intent to investigate the allegations set forth in this notice and its opportunity to do so has expired.

114.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor if the LWDA declines to investigate.

### THIRD CLAIM FOR RELIEF
**Failure to Provide Required Meal & Rest Periods or Pay Missed Meal Period Wages**
**[Cal. Labor Code §§226.7, 512, 1194.5, 1198; IWC Wage Order No. 9 §§11, 12]**
**(Brought by all Plaintiffs on behalf of themselves and the Class**
**against all Defendants)**

115.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

116.    California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any meal period mandated by an applicable Industrial Wage Order. California Labor Code § 512 and IWC Wage Order 9 section 11 prohibits employers from employing a worker for more than five hours without a meal period of at least 30 minutes.  Further, California Labor Code § 512 prohibits employers from employing a worker for more than 10 hours without a second meal period of at least 30 minutes. Under both California Labor Code § 226.7(b) and IWC Wage Order 9 section 11(D), if an employer fails to provide an employee a meal period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided as required.

117.    California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable Industrial Wage Order. IWC Wage Order 9  section

12(A) requires employers to authorize and permit employees who work three and one half or more hours in a day to take a paid rest break of at least 10 minutes for every four hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period. Under both California Labor Code § 226.7(b) and IWC Wage Order 9 section 12(B), if an employer fails to provide an employee a rest break as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest break is not provided as required.

118.    The California Labor Code requires an employer to completely relieve employees from all duties during meal and rest periods.

119.    California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

120.    During the Class Period, Defendants have had and continue to have a policy and practice of failing to provide Plaintiffs and Class Members full and timely meal periods required by California Labor Code §§ 226.7 and 512 and IWC Wage Order 9 section 11, including but not limited to through the following:

a. **Missed, Late, and Shortened Meal Periods.** As set forth above Defendants scheduled Plaintiffs and Class Members continuously for 7-7.5 hour shifts of PF and PM.  As a result, Plaintiffs and Class Members often have not been and are not provided a 30-minute meal period beginning within the sixth hour of work.  Plaintiffs and Class Members also often have not been and are not provided a second 30-minute meal period when they work ten hours or more. When Plaintiffs and Class Members receive meal periods, these meal periods often have been, and continue to be, late or shortened. Through these and other policies and practices alleged above and incorporated herein by reference, Plaintiffs and Class Members have regularly been denied, and continue to be denied, the opportunity to take a full, uninterrupted, and timely meal period as required under the California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9 section 11.

b. **Failing to Relieve Employees of all Control During Meal Periods**. On information and belief, Defendants have applied a policy and practice of requiring Plaintiffs and Class Members to remain subject to call because the nature of their work required constant monitoring of

1  equipment or availability to do so for safety reasons in violation of California Labor Code §§

2  226.7, 512 and IWC Wage Order No. 9 section 11 requirement that employees be completely

3  relieved of any duty or employer control.

4  121.   During the Class Period, Defendants have had and continue to have a policy and practice of

5  failing to provide Plaintiffs and Class Members full and timely rest breaks required by California Labor

6  Code § 226.7 and IWC Wage Order 9 section 12, including but not limited to through the following:

7  a. **Missed, Late, and Shortened Rest Breaks**. As set forth above Defendants' scheduled

8  Plaintiffs and Class Members continuously for 7-7.5 hour shifts of PF and PM.  As a direct

9  consequence, Plaintiffs' and Class Members' rest breaks frequently have been and continue to

10  be missed, late, and/or shortened. Plaintiffs and Class Members regularly have not been

11  authorized or permitted to take their first or second 10-minute rest break within the required

12  time frame, have been only authorized or permitted to take less than a full 10-minute rest break,

13  or have been otherwise required to perform work during their first or second 10-minute rest

14  break.

15  b. **Rest Break Timing**. Additionally, Defendants have followed and continue to follow a policy

16  and practice of failing to provide Plaintiffs and Class Members 10-minute rest breaks in the

17  middle of each work period despite it being reasonably practicable to provide the required break

18  near or at the middle of the work period, including but not limited to by requiring Plaintiffs and

19  Class Members to take their first 10-minute rest break near or at the beginning of their shift or

20  after more than four hours of work, by requiring Plaintiffs and Class Members to take their 10-

21  minute rest breaks consecutively with legally deficient meal periods, and by requiring Plaintiffs

22  and Class Members to take a second 10-minute rest break near or at the end of their shifts,

23  thereby violating California Labor Code § 226.7 and IWC Wage Order No. 9,  section 12.

24  c. **Failing to Relieve Employees of all Control During Rest Breaks**. On information and

25  belief, Defendants have further implemented and continue to implement a policy and practice

26  of prohibiting Plaintiffs and Class Members from being completely relieved because the nature

27  of their work required constant monitoring of equipment or availability to do so for safety

28  reasons in violation of the requirement that during rest breaks required by California Labor

Code § 226.7 and IWC Wage Order No. 9  section 12, employees must be relieved of any duty or employer control.

122.    Defendants have further violated and continue to violate California Labor Code §§ 226.7, 512 and IWC Wage Order No. 9 sections 11, 12 by having had and continuing to have a policy and practice of failing to pay each of their employees who was not provided with a full and timely meal period or rest breaks an additional one hour of compensation at each employee's regular rate of pay.

123.    Defendants have committed and continue to commit the acts alleged herein knowingly and willfully.

124.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages, including but not limited to unpaid meal and rest period premiums, lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 9.

125.    California Labor Code § 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

126.    Plaintiffs DONOVAN, BENNETT, ISHERWOOD and VINCENT are current employee Class Members, for whom Defendants' failure to pay required meal and rest break premiums and/or provide such as required by law creates substantial hardship, are entitled to preliminary and permanent injunctive relief under the governing legal standards, and are entitled to an order requiring Defendants to pay all premiums when due or provide meal and rest breaks that comply with the law.

### FOURTH CLAIM FOR RELIEF
**Failure to Pay Minimum Wages for all Hours Worked**
**[Cal Labor Code §§218, 218.5, 218.6, 221, 222, 223, 1182.12, 1194, 1194.5, 1197, 1198; IWC Wage Order No. 9 §4]**
**(Brought by all Plaintiffs on behalf of themselves and the Class against All Defendants)**

127.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

128.    California Labor Code §§ 1182.12 and 1197, and IWC Wage Order 9 section 4, require employers to pay employees at least the state minimum wage for all hours worked.

129.     California Labor Code §§ 221, 222, 223 ensure that all hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

130.     California law requires that when an employer directs, commands or restrains an employee and prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control this constitutes hours worked and that employee must be paid. (*Mendiola v. CPS Security Solutions* (2015) 60 Cal.4th 833.)

131.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits. California Labor Code § 1194(a) provides that an employer that has failed to pay its employees their agreed upon rate or at least the legal minimum wage for all hours worked is liable to pay those employees the unpaid balance of the unpaid wages unpaid and interest thereon.

132.     During the Class Period, Defendants followed and continue to follow a policy and practice of failing to pay Plaintiffs and Class Members their agreed upon rate or at least California minimum wage, for many hours worked by Plaintiffs and Class Members, including but not limited to hours Defendants required Plaintiffs and Class Members to suffer or permit to work during pre and post flight activities as well as reserve day, flight delays and time spent completing e-learning duties.

133.     During the Class Period, Defendants failed to pay Plaintiffs and Class Members for their agreed upon credit hour rate or at least minimum wage for all hours worked for reserve days.  Defendants exercised control over Plaintiffs and Class Members during reserve days to such an extent that it constitutes hours worked.  Defendants exercised their control over Plaintiffs and Class Members by including but not limited to: (1) requiring that reserve days be served at the Defendants' premises, (2) setting an excessive geographical limitation through a response time radius when called to serve on a reserve day (3) Defendants' frequent calls to Plaintiffs and Class Members to actually serve on reserve days (4) setting a fixed time limit to respond that was unduly restrictive on Plaintiffs and Class Members, (5) making it difficult for Plaintiffs and Class Members from being trade reserve duties based on availability of other pilots' license restrictions, (6) limiting the ability of Plaintiffs and Class Members from engaging in certain activities while on reserve, (7) and the fact that reserve shift structure serve the business interests of Defendants so that they do not have to cancel high revenue,

high profit trans pacific passenger flights, (8) Defendants considered Plaintiffs as on duty during reserve periods.

134. During the Class Period, Defendants required Plaintiffs and Class Members to complete training tasks such as e-learning for which they were not paid for all hours worked and/or not paid at all.

135. Defendants have committed and continue to commit the acts alleged herein knowingly and willfully.

136. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages, including but not limited to unpaid contract rate wages and/or minimum wages, and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 9 section 4.

137. California Labor Code § 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

138. Plaintiffs DONOVAN, BENNETT, ISHERWOOD and VINCENT are current employee Class Members, for whom Defendants' failure to pay required agreed upon contract wages and/or minimum wages creates substantial hardship, are entitled to preliminary and permanent injunctive relief under the governing legal standards, and are entitled to an order requiring Defendants to compensate them for all hours worked.

**FIFTH CLAIM FOR RELIEF**
**Failure to Pay Reporting Time Pay**
**[IWC Wage Order No. 9 §5]**
**(Brought by all Plaintiffs on behalf of themselves and the Class against all Defendants)**

139. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

140. IWC Wage Order 9 section 5 requires that each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay,

which shall not be less than the minimum wage.

141.    During, the Class Period, Defendants required Plaintiffs and Class Members to report to an airport only to later cancel the flight.  Defendants did not furnish to Plaintiffs and Class Members reporting time pay as required by IWC Wage Order 9 section 5.

142.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages, including but not limited to reporting time pay and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 9 section 5.

### SIXTH CLAIM FOR RELIEF
**Unlawful Withholding of Wages**
**[Cal. Labor Code §§221, 222, 223, 225.5]**
**(Brought by Plaintiffs on behalf of themselves and the Class against all Defendants)**

143.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

144.    California Labor Code §§ 221-223, collectively, prevent repayment of wages to an employer, withholding part of a wage and failing to pay a wage less than mandated by a contract or statute.

145.    California Labor Code § 225.5 provides that every person who unlawfully withholds wages due any employee in violation of §§ 221, 222, 223 shall be subject to a civil penalty for an initial violation of $100 for each failure to pay each employee, and for each subsequent violation or any willful or intentional violation of $200 for each failure to pay each employee plus 25 percent of the amount unlawfully withheld.

146.    During, the Class Period, Plaintiffs and Class Members earned wages including but not limited to overtime compensation, contract rate and/or minimum wages, meal period and period premiums, vacation wages and reporting time pay which Defendants continues to unlawfully withhold.

147.    Defendants' unlawful withholding of these wages is willful and intentional.

148.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA') on March 17, 2017.  The LWDA has not communicated its intent to investigate the allegations set forth in this notice

1    and its time to do so has expired.

2    149.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs

3    and Class Members have sustained economic damages, including but not limited to unpaid wages and

4    lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory

5    damages and penalties and other appropriate relief from Defendants' violations of California Labor

6    Code §§ 221, 222, 223.

7                                    **SEVENTH CLAIM FOR RELIEF**
                    **Failure to Pay All Wages Due to Discharged and Quitting Plaintiffs**
8                                    **[Cal. Labor Code §§201, 202, 203]**
9    **(Brought by Plaintiff Goldthorpe on behalf of himself and the Class against all Defendants)**

10   150.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all

11   previous paragraphs.

12   151.    California Labor Code § 201 requires an employer who discharges an employee to pay all

13   compensation due and owing to that employee immediately upon the employee's discharge from

14   employment.

15   152.    California Labor Code § 202 requires an employer promptly to pay all compensation due and

16   owing to an employee within 72 hours after that employee's employment terminates, including by

17   resignation.

18   153.    California Labor Code § 203 provides that if an employer willfully fails to pay all compensation

19   due promptly upon discharge or resignation, as required by sections 201 and 202, the employer shall

20   be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

21   154.    Plaintiff GOLDTHORPE separated from employment with Defendants in approximately

22   August 2016.

23   155.    As set forth above, Defendants have failed to compensate Plaintiff GOLDTHORPE and other

24   quitting or discharged Class members as required by California law, including but not limited to failing

25   to properly pay Plaintiff GOLDTHORPE and Class Members all overtime wages, contract

26   rate/minimum wages, and reporting time pay earned during the Class Period.

27   156.    Defendants have willfully failed and continue to fail to pay these wages to Plaintiff

28   GOLDTHORPE and the discharged and quitting Class members in accordance with California Labor

Code §§ 201 and 202.

157.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff GOLDTHORPE as well as the discharged or quitting Class members are entitled to waiting penalties pursuant to California Labor Code § 203.

**EIGHTH CLAIM FOR RELIEF**
**Failure to Indemnify Employees for Expenses**
**[Cal. Labor Code 2802, 1194.5]**
**(Brought by Plaintiffs on behalf of themselves and the Class against all Defendants)**

158.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

159.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

160.    During the Class Period, Defendants required Plaintiffs and Class Members to be at a suitable accommodations within a certain radius of the airport on reserve days.  Defendants prohibited Plaintiffs and Class Members from using airport lounges and coffee shops to be available for reserve duties. Consequently, this policy forced Plaintiffs and Class Members whose residence is not within the required radius to secure a hotel room.  Defendants did not reimburse Plaintiffs and Class Members for these costs incurred.

161.    Defendants have failed and continue to fail to reimburse Plaintiffs and Class Members for the time spent and the reasonable expenses they incur in securing a hotel room or other accommodations to be able to serve reserve duties in violation of California Labor Code § 2802.

162.    Defendants have committed and continue to commit the acts alleged herein knowingly and willfully.

163.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages, including but not limited to unreimbursed employee expenses and lost interest, in an amount to be established at trial, and are entitled to recover reimbursement and other appropriate relief from Defendants' violations of the California Labor Code 2802.

COMPLAINT FOR VIOLATIONS OF                    *Goldthorpe, et. al. v. Cathay Pacific Airways Limited, et. al.*
THE CALIFORNIA LABOR CODE

164.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA") on March 17, 2017.  The LWDA has not communicated its intent to investigate the allegations set forth in this notice and its opportunity to do so has expired.

165.    California Labor Code § 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

166.    Plaintiffs DONOVAN, BENNETT, ISHERWOOD and VINCENT are current employee Class Members, for whom Defendants' failure to reimburse costs incurred in the course and scope of their employment creates substantial hardship, are entitled to preliminary and permanent injunctive relief under the governing legal standards, and are entitled to an order requiring Defendants to reimburse all costs incurred in the course and scope of their employment.

## NINTH CLAIM FOR RELIEF
**Violation on Prohibition of Unlawful terms and conditions in Employment Agreement
[Cal. Labor Code 432.5]
(Brought by Plaintiffs on behalf of themselves and the Class against all Defendants)**

167.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

168.    California Labor Code § 432.5 prohibits an employer from requiring any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law.

169.    11 U.S.C. § 525(b) expressly prohibits any private employer from discriminating against or terminating an employee who has filed for bankruptcy.

170.    California Labor Code § 96(k) prevents an employer from taking adverse action against an employee for lawful conduct occurring during nonworking hours away from the employer's premises.

171.    California Labor Code § 227.3 requires an employer to pay all vested vacation wages to an employee upon separation from employment.  An employment contract or employer policy shall not provide for forfeiture of vested vacation time upon separation.

172.    During, the Class Period, Defendants subjected Plaintiffs and Class Members to terms of employment that allowed Defendants to terminate them for filing bankruptcy or terminate them for off

duty conduct that was prejudicial to the interests, good name or reputation of Defendants.  Also during the Class Period, Defendants maintained a policy that if Plaintiffs and Class Members did not provide a certain amount of notice prior to separating from employment, a portion of the employee's vacation wages were forfeited according to the lack of amount of notice provided.

173.    Defendants have committed and continue to commit these acts alleged herein knowingly and willfully.

174.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA') on March 17, 2017.  The LWDA has not communicated its intent to investigate the allegations set forth in this notice and its opportunity to do so has expired.

175.    California Labor Code § 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

176.    Plaintiffs DONOVAN, BENNETT, ISHERWOOD and VINCENT are current employee Class Members, for whom Defendants' imposition of unlawful terms and conditions creates substantial hardship, are entitled to preliminary and permanent injunctive relief under the governing legal standards, and are entitled to an order requiring Defendants to refrain from imposing unlawful terms and conditions.

### TENTH CLAIM FOR RELIEF
**Failure to Maintain Required Records**
**[Cal. Labor Code §§226, 1174, 1194.5, 1198; IWC Wage Order No. 9 §7]**
**(Brought by Plaintiffs on behalf of themselves and the Class against all Defendants)**

177.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

178.    California Labor Code § 1174(c)-(d) requires employers to keep records showing the names and addresses of all Plaintiffs employed, and to keep, at a central location in the State of California or at the establishments at which Plaintiffs are employed, payroll records showing the hours worked daily and the wages paid to all Plaintiffs employed at the establishment.

179.    IWC Wage Order 9 section 7(A)(3) further requires employers to keep time records showing when the employee begins and ends each work period and any meal periods. Under section 7(A)(5),

employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request. Under section 7(C), all required records must be in the English language and in ink or other indelible form, properly dated, showing month, day, and year, and must be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. Under both section 7(C) and California Labor Code § 226(b), all required records must be available for inspection by an employee upon reasonable request.

180.    California Labor Code §1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

181.    Pursuant to Defendants' unlawful policy and practice as alleged herein, Defendants have willfully failed, and continue willfully to fail, to maintain accurate, complete, and readily available records, in violation of California Labor Code § 1174 and IWC Wage Order 9 section 7.

182.    In addition, Defendants failed and continue to fail to maintain required records that accurately reflect Plaintiff's and Class Members' regular rate for the purposes of determining overtime compensation.

183.    Plaintiffs and Class Members have suffered and will continue to suffer actual economic harm resulting from these recordkeeping violations, as they have been, and will continue to be, precluded from accurately monitoring the wages to which they are entitled, have been required to retain counsel and others to evaluate and calculate unpaid wages, and have suffered delays in receiving the wages and interest that are due and owing to them. Defendants' ongoing violations of these mandatory recordkeeping laws have caused, and will continue to cause, irreparable harm to Plaintiffs and Class Members, among other reasons because as long as Defendants fail to maintain the required records, Plaintiffs and Class Members will be unable to determine the precise amount of wages and penalties owed to them for the hours that Defendants have required, suffered or permitted them to work.

184.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA') on March 17, 2017.  The LWDA has not communicated its intent to investigate the allegations set forth in this notice and its opportunity to do so has expired.

185.    By willfully failing to maintain the records required by California Labor Code § 1174(c) or the accurate and complete records required by section 1174(d), Defendants are also liable for a civil penalty of five hundred dollars for each violation under section 1174.5.

### ELEVENTH CLAIM FOR RELIEF
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§204, 226, 226.3; IWC Wage Order No. 9, §7]**
**(Brought by Plaintiffs on behalf of themselves and the Class**
**against all Defendants)**

186.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

187.    California Labor Code § 226(a) requires employers semimonthly or at time of paying wages to provide to their Plaintiffs detailed wage and hour information including but not limited to (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

188.    IWC Wage Order 9 section 7(B) requires employers semimonthly or at the time of each payment of wages to furnish to each employee an itemized statement in writing showing the following information: all deductions; the inclusive dates of the period for which the employee is paid; the name of the employee or the employee's social security number; and the name of the employer.

198.    California Labor Code § 226(e) provides that an employee who suffers injury as a result of a knowing and intentional failure by an employer to comply with section 226(a) may recover the greater of actual damages or the civil penalties designated by statute of $50 for the initial pay period in which

a violation occurs and $100 per employee for each violation in a subsequent pay period up to an aggregate penalty of $4,000. An employee is deemed to have suffered an injury if (1) the employer fails to provide a wage statement, (2) the employee cannot promptly and easily determine from the wage statement alone the items required by subsection (a), (3) an employer has aggregated deductions made from gross wages when not authorized by the employee, or (4) the employer fails to list their name and address.

190.    California Labor Code § 226.3 provides that any employer who violates section 226(a) shall further be subject to a civil penalty of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in section 226(a).

191.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA') on March 17, 2017. The LWDA has not communicated its intent to investigate the allegations set forth in this notice and its opportunity to do so has expired.

192.    California Labor Code § 1198 makes employment of an employee under conditions the IWC prohibits unlawful.

193.    Pursuant to Defendants' unlawful policies and practices alleged herein, Defendants have knowingly and intentionally failed to furnish Plaintiffs and Class members with the information required by California Labor Code § 226(a) and IWC Wage Order 9 section 7(B) in the time frame required, including but not limited to paying Plaintiffs and Class members who are non-exempt on a monthly basis. Secondly, Defendants failed to list Plaintiffs' and Class Members' total hours worked for pre and post flight duties, and reserve days and time spent e-learning. Third, Defendants failed to furnish to Plaintiffs and Class Members all gross and net wages earned including overtime, contract/minimum wages, meal and rest period premiums for violations of said protections that were not listed on their wage statements and would have to refer to other documents such as rosters to determine the wages owed to them. Fourth, Defendants did not list their address on wage statements issued to Plaintiffs and Class Members.

194.    This failure has injured, continues to injure, and was intended to injure Plaintiffs and Class

1    Members by, among other things, forcing them to refer to other documents including but not limited

2    to, the applicable agreements to determine gross wages earned as well as tax forms to determine net

3    wages earned and the address information of Defendants.

4    195.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs

5    and Class Members have sustained economic damages, including but not limited to unpaid wages and

6    lost interest, in an amount to be established at trial, and are entitled to recover such economic and

7    statutory damages and penalties and other appropriate relief from Defendants' violations of the

8    California Labor Code §§ 226, 226.3 and IWC Wage Order 9.

9    196.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the

10    Defendants and the California Labor Workforce and Development Agency ('LWDA') on March 17,

11    2017.  The LWDA has not communicated its intent to investigate the allegations set forth in this notice

12    and its opportunity to do so has expired.

13    197.    California Labor Code § 226(h) authorizes injunctions to ensure an employer's compliance with

14    the requirements of section 226.

15    198.    Plaintiffs DONOVAN, BENNETT, ISHERWOOD and VINCENT are current employee Class

16    Members, for whom Defendants' failure to issue compliant wage statements creates substantial

17    hardship, are entitled to preliminary and permanent injunctive relief under the governing legal

18    standards, and are entitled to an order requiring Defendants to furnish itemized wage statements that

19    comply with California Labor Code § 226.

20    
**TWELFTH CLAIM FOR RELIEF**
**California Labor Code Private Attorneys General Act**
**[Cal. Labor Code §2698 *et seq.*]**
**(Brought by Plaintiff on behalf of themselves and the Class against all Defendants)**

23    199.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all

24    previous paragraphs.

25    200.    Under the California Labor Code Private Attorneys General Act, California Labor Code §§

26    2698-99 ("PAGA"), any aggrieved employee may bring a representative action as a Private Attorney

27    General on behalf of the general public, including all other aggrieved Plaintiffs, to recover civil

28    penalties for their employers' violations of the California Labor Code and IWC Wage Orders. These

civil penalties are in addition to any other relief available under the Labor Code, and must be allocated 75 percent to the State of California's Labor and Workforce Development Agency and 25 percent to the aggrieved worker, pursuant to California Labor Code § 2699.

201.    Based on the foregoing Defendants' employment of Plaintiffs or any Class Member during the Class Period is/was unlawful under the California Labor Code, IWC Order 9 and actionable under PAGA.

202.    Plaintiffs allege, on behalf of themselves, all aggrieved current and former Plaintiffs and/or on behalf of the Class, as well as the general public of the State of California, that Defendants have violated the following provisions of the California Labor Code and the following provisions of the IWC Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein: California Labor Code §§ 201-04, 210, 221, 222, 223, 225.5, 226, 226.3, 226.7, 227.3, 432.5, 510, 512, 558, 1174, 1182.12, 1197, 1197.1, 1198, 2802 and IWC Wage Order 9. Each of these violations entitles Plaintiffs, as private attorneys general, to recover the applicable statutory civil penalties on their own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

203.    California Labor Code § 2699(a), which is part of PAGA, provides in pertinent part "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or Plaintiffs, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former Plaintiffs pursuant to the procedures specified in Section 2699.3."

204.    California Labor Code § 2699(f), which is part of PAGA, provides in pertinent part: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: …

> "(2) If, at the time of the alleged violation, the person employs one or more Plaintiffs, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

205.    Plaintiffs are entitled to civil penalties, to be paid by Defendants and allocated as PAGA

requires, pursuant to California Labor Code § 2699(a) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations of provides a civil penalty specified by law; and Plaintiffs are entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations thereof a civil penalty is not already specifically provided.

206.    Pursuant to the notice requirements of the California Private Attorneys General Act (Cal. Labor Code §§ 2698 *et. seq.*), Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA") on March 17, 2017.   The LWDA has declined to communicate their intent at this time to investigate the allegations set forth in this notice and their opportunity to do so has expired.

207.    Therefore, Plaintiffs have complied with all of the requirements set forth in California Labor Code § 2699.3 and are entitled to pursue a representative action under PAGA since the LWDA declined to communicate its intent to investigate within the time frame provided by PAGA.

208.    Under PAGA, Plaintiffs, the Class and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order 9 that are alleged in this Complaint.

## THIRTEENTH CLAIM FOR RELIEF
### Unfair and Unlawful Business Practices
### [Cal. Bus. & Prof. Code §17200 *et seq.*]
### (Brought by Plaintiffs on behalf of themselves and the Class against all Defendants)

209.    Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all previous paragraphs.

210.    Defendants have engaged in unfair and unlawful business practices in violation of California Business and Professions Code §§ 17200 *et seq.* by engaging in the unlawful conduct alleged above, including but not limited to failing to pay all overtime compensation due, failing to pay wages promptly, contract/minimum wages, meal and rest period premiums, reporting time pay, vacation wages, unlawfully deducting/withholding such wages, failing to pay Plaintiffs and Class Members who quit or are discharged their full and final wages, and failing to provide Plaintiffs information required by California Labor Code § 226(a), and 1174 and Wage Order 9 section 7.

211.    Plaintiffs are informed and believe, and based upon such information and belief, allege that by engaging in the unfair and unlawful business practices complained of above, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with which they compete, in violation of California Business and Professions Code §§ 17200 *et seq.* and California Labor Code § 90.5(a), which sets forth the public policy of California to vigorously enforce minimum labor standards to ensure that Plaintiffs are not required or permitted to work under substandard and unlawful conditions and to protect law-abiding employers and their Plaintiffs from competitors that lower their costs by failing to comply with minimum labor standards.

212.    As a direct and proximate result of Defendants' unfair and unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained injury and damages, including unpaid wages and lost interest, in an amount to be established at trial. Plaintiffs and Class Members seek restitution of all unpaid wages owed to Plaintiffs and Class Members, disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, penalties, and injunctive relief.

## FOURTEENTH CLAIM FOR RELIEF
### Declaratory Judgment
**[28 U.S.C § 2201, Cal. Code of Civil Procedure §1060 et seq.]**
**(Brought by Plaintiff on behalf of themselves and all Class Members against all Defendants)**

213.    Plaintiffs, on behalf of themselves and all members of the Class, re-allege and incorporate by reference all previous paragraphs.

214.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above under California law, for which Plaintiffs desire a declaration of rights and other relief available through this District Court's authority pursuant to 22 U.S.C. § 2201 and the California Declaratory Judgment Act, California Code of Civil Procedure §§ 1060 et seq.

215.    A declaratory judgment is necessary and proper in that Plaintiffs contend that Defendants have committed and continue to commit the violations set forth above and Defendants, on information and belief, will deny that they have done so and/or that they will continue to do so.

216.    An actual controversy exists between the Plaintiffs and Defendants as to whether Plaintiffs and Class Members are exempt from overtime under California law as learned professionals;

217.    Plaintiffs are informed and believe Defendants contend that Plaintiffs and Class Members are

1   exempt from overtime as learned professionals under California law.

2   218.   Plaintiffs are entitled to a judicial determination that Defendants unlawfully misclassified them

3   and Class Members as exempt from the overtime protections of California law as learned professionals.

4   219.   An actual controversy exists between the Plaintiffs and Defendants as to whether Plaintiffs and

5   Class members are exempt from overtime under California law as executives.

6   220.   Plaintiffs are informed and believe Defendants contend that Plaintiffs and Class Members are

7   exempt from overtime as executives under California law.

8   221.   Plaintiffs are entitled to a judicial determination that Defendants unlawfully misclassified them

9   and Class Members as exempt from the overtime protections of California law as executives.

10   222.   An actual controversy exists between Plaintiffs and Defendants as to whether CX and USAB

11   are joint employers of Plaintiffs and Class Members for the purposes of California law.

12   223.   Plaintiffs are informed and believe Defendants contend that CX and USAB are not joint

13   employers of Plaintiffs and Class Members for the purposes of California law.

14   224.   Plaintiff is entitled to a judicial determination that CX and USAB are joint employers of

15   Plaintiffs and Class Members for the purposes of California law.

16   225.   An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed

17   to pay all overtime compensation due to Plaintiffs and Class members for the purposes of California

18   Labor Code § 510.

19   226.   Plaintiffs are informed and believe Defendants contend Plaintiffs and Class Members are not

20   entitled to overtime compensation for the purposes of California Labor Code § 510.

21   227.   Plaintiffs are entitled to a judicial determination that Defendants failed to pay all overtime

22   compensation due to Plaintiffs and Class Members for the purposes of California Labor Code § 510.

23   228.   An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed

24   to promptly pay all wages when due to Plaintiffs and Class Members for the purposes of California

25   Labor Code § 204.

26   229.   Plaintiffs are informed and believe Defendants contend they promptly paid Plaintiffs and Class

27   Members all wages when due for the purposes of California Labor Code § 204.

28   230.   Plaintiffs are entitled to a judicial determination that Defendants failed to promptly pay all

wages when due to Plaintiffs and Class Members for the purposes of California Labor Code § 204.

231.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failure to promptly pay all wages to Plaintiffs and Class Members was willful and/or intentional for the purposes of California Labor Code § 210.

232.    Plaintiffs are informed and believe Defendants contend that they did not willfully or intentionally fail to promptly pay all wages when due to Plaintiffs and Class Members.

233.    Plaintiffs are entitled to a judicial determination that Defendants willfully and/or intentionally failed to promptly pay all wages when due for the purposes of California Labor Code § 210.

234.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed to provide meal periods to Plaintiffs and Class Members for the purposes of California Labor Code § 512.

235.    Plaintiffs are informed and believe Defendants contend Plaintiffs and Class Members are not entitled to meal periods and/or provided meal periods for the purposes of California Labor Code § 512.

236.    Plaintiffs are entitled to a judicial determination that Defendants failed to provide meal periods to Plaintiffs and Class Members for the purposes of California Labor Code § 512.

237.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed to provide rest periods to Plaintiffs and Class Members for the purposes of California Labor Code § 226.7.

238.    Plaintiffs are informed and believe Defendants contend Plaintiffs and Class Members are not entitled to rest periods for the purposes of California Labor Code § 226.7.

239.    Plaintiffs are entitled to a judicial determination that Defendants failed to provide rest periods to Plaintiffs and Class Members for the purposes of California Labor Code § 226.7.

240.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed to pay Plaintiffs and Class Members for the all hours worked purposes of California Labor Code §§ 221, 222, 223, 1182.12 and IWC Order 9 section 4.

241.    Plaintiffs are informed and believe Defendants contend Plaintiffs and Class Members have been paid for all hours worked for the purposes of California Labor Code §§ 221, 222, 223, 1182.12 and IWC Order 9 section 4.

242.    Plaintiffs are entitled to a judicial determination that Defendants failed to pay Plaintiffs and Class Members for all hours worked for the purposes of California Labor Code §§ 221, 222, 223, 1182.12 and IWC Order 9 section 4.

243.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed to provide reporting time pay to Plaintiffs and Class Members pursuant to IWC Order 9 section 5.

244.    Plaintiffs are informed and believe Defendants contend Plaintiffs and Class Members are not entitled to reporting time pay for the purposes of IWC Order 9 section 5.

245.    Plaintiffs are entitled to a judicial determination that Defendants failed to provide reporting time pay to Plaintiffs and Class Members for the purposes of IWC Order 9 section 5.

246.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiffs and the Class violated California Labor Code §§ 221, 222, 223.

247.    Plaintiffs are informed and believe Defendants contend they did not unilaterally deduct/withhold wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiffs and the Class in violation of California Labor Code §§ 221, 222, 223.

248.    Plaintiffs are entitled to a judicial determination that Defendants' unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiffs and the Class violated California Labor Code §§ 221, 222, 223.

249.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants unilateral deduction/withholding of wages and/or failure to pay wages mandated by statute or contract to Plaintiffs and Class Members was willful and/or intentional for the purposes of California Labor Code § 225.5.

250.    Plaintiffs are informed and believe Defendants contend that they did not willfully or intentionally deduct/withhold wages and/or fail to pay wages mandated by statute or contract for the purposes of California Labor Code § 225.5.

251.    Plaintiffs are entitled to a judicial determination that Defendants unilaterally unilateral deducted/withheld wages and/or failed to pay wages mandated by statute or contract was willful and/or intentional for the purposes of California Labor Code § 225.5.

252.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants violated California Labor Code §§ 201-203, by willfully failing to make timely payment of the final wages due to Plaintiffs and Class Members who quit or have been discharged.

253.    Plaintiffs are informed and believe Defendants contend they did not violate California Labor Code §§ 201-203, by willfully failing to make timely payment of the final wages when due to Class Members who quit or have been discharged.

254.    Plaintiffs are entitled to a judicial determination that Defendants violated California Labor Code §§ 201-203, by willfully failing to make timely payment of final wages due to Class Members who quit or have been discharged.

255.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants failed to reimburse Plaintiffs and Class Members for all costs incurred in the course and scope of their employment for the purposes of California Labor Code § 2802.

256.    Plaintiffs are informed and believe Defendants contend Plaintiffs and Class Members have been reimbursed for all costs incurred in the course and scope of their employment for the purposes of California Labor Code § 2802.

257.    Plaintiffs are entitled to a judicial determination that Defendants failed to reimburse Plaintiffs and Class Members for all costs incurred in the course and scope of their employment for the purposes of California Labor Code § 2802.

258.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants subjected Plaintiffs and Class Members to unlawful terms and conditions of employment for the purposes of California Labor Code § 432.5.

259.    Plaintiffs are informed and believe Defendants contend it did not subject Plaintiffs and Class Members to unlawful terms and conditions of employment for the purposes of California Labor Code § 432.5.

260.    Plaintiffs are entitled to a judicial determination that Defendants subjected Plaintiffs and Class Members to unlawful terms and conditions for the purposes of California Labor Code § 432.5.

261.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants violated California Labor Code § 1174 and IWC Wage Order No. 9 section 7, by failing to maintain

and provide Plaintiffs and Class Members with access to complete and accurate records.

262.    Plaintiffs are informed and believe Defendants contend they did not violate California Labor Code § 1174 and IWC Wage Order No. 9 section 7, by failing to maintain and provide Plaintiffs and Class members with access to complete and accurate records.

263.    Plaintiffs are entitled to a judicial determination that Defendants violated California Labor Code § 1174 and IWC Wage Order No. 9 section 7, by failing to maintain and provide Plaintiffs and Class Members with access to complete and accurate records.

264.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants violated California Labor Code § 226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiffs and Class Members.

265.    Plaintiffs are informed and believe Defendants contend they did not violate California Labor Code § 226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiffs and Class Members.

266.    Plaintiffs are entitled to a judicial determination that Defendants violated California Labor Code § 226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiffs and Class Members.

267.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants violated multiple provisions of the California Labor Code and IWC Wage Order No. 9 entitling Plaintiffs and Class Members to recover penalties pursuant to the California Private Attorneys General Act.

268.    Plaintiffs are informed and believe Defendants contend they did not violate California Labor Code or IWC Wage Order No. 9, thus not entitling Plaintiffs or Class Members to an award of statutory penalties pursuant to the California Private Attorney General Act.

269.    Plaintiffs are entitled to a judicial determination that Defendants violated multiple provisions of the California Labor Code and IWC Wage Order No. 9 entitling Plaintiffs and Class Members to recover penalties pursuant to the California Private Attorneys General Act.

270.    An actual controversy exists between Plaintiffs and Defendants as to whether Defendants violated California Business and Professions Code §§ 17200-08, through conduct as set forth in the foregoing

1  paragraphs.

2  271.    Plaintiffs are informed and believe Defendants contend they did not violate California Business

3  and Professions Code §§ 17200-08, through their conduct as set forth in foregoing paragraphs.

4  272.    Plaintiffs are entitled to a judicial determination that Defendants violated California Business

5  and Professions Code §§ 17200-08, through conduct as set forth in foregoing paragraphs.

6  <u>**PRAYER FOR RELIEF**</u>

7  WHEREFORE, Plaintiffs respectfully request the following relief:

8  1.    Certification of this action as a class action on behalf of the proposed class under Federal Rule

9  of Civil Procedure 23;

10  2.    Designation of Plaintiffs as representatives of the Class;

11  3.    Designation of Plaintiffs' counsel as counsel for the Class;

12  4.    For recovery of all unpaid overtime and double-time compensation and interest thereon

13  pursuant to California Labor Code §§ 510, 1194 and IWC Order 9 section 3;

14  5.    An award of damages and penalties for failure to timely pay wages to Plaintiffs and California

15  Class Members pursuant to sections 204, 210 subject to proof at trial;

16  6.    A temporary, preliminary, and permanent injunction requiring Defendants to provide current

17  employee Plaintiffs and Class Members with the timely payment of wages in compliance with

18  California Labor Code § 204;

19  7.    Recovery of all meal and rest period premiums pursuant to California Labor Code §§ 226.7,

20  512 and IWC Order 9;

21  8.    A temporary, preliminary, and permanent injunction requiring Defendants to provide Plaintiffs

22  and Class Members all legally required meal and rest periods and to pay an additional hour's pay for

23  everyday that a meal or rest period is missed, untimely, or shortened, or when Defendants do not

24  completely relieve Plaintiffs and Class Members of all duties, and requiring Defendants to keep

25  accurate track of the time Plaintiffs and Class Members are provided and receive meal periods;

26  9.    An award of reporting time pay pursuant to IWC Order 9 section 5 subject to proof at trial;

27  10.    A temporary, preliminary, and permanent injunction requiring Defendants to pay Plaintiffs and

28  California Class Members all wages, including but not limited to, overtime, minimum wages, straight

COMPLAINT FOR VIOLATIONS OF                 *Goldthorpe, et. al. v. Cathay Pacific Airways Limited, et. al.*
THE CALIFORNIA LABOR CODE

time wages due to discharged and quitting employees, for all hours worked when due, and requiring Defendants to keep accurate track of all time Plaintiffs and Class Members work;

11.    An award of damages and penalties for failure to pay full wages when due pursuant to California Labor Code § 221, 222, 223, 225.5 subject to proof at trial;

12.    An award of waiting time penalties as to Plaintiff GOLDTHORPE and those Class Members who have quit or been discharged, pursuant to California Labor Code § 203, subject to proof at trial;

13.    A temporary, preliminary, and permanent injunction requiring Defendants to reimburse Plaintiffs and Class Members for expenses incurred in the course and scope of their employment pursuant to California Labor Code § 2802;

14.    An award of expenses incurred in the course and scope of employment but unreimbursed pursuant to California Labor Code § 2802 subject to proof at trial;

15.    A temporary, preliminary, and permanent injunction requiring Defendants to not impose unlawful terms and conditions of employment upon Plaintiffs and Class Members pursuant to California Labor Code § 432.5;

16.    An award of damages for injuries sustained from Defendants' imposition of unlawful terms and conditions of employment upon Plaintiffs and Class Members pursuant to California Labor Code § 432.5 subject to proof at trial;

17.    A temporary, preliminary, and permanent injunction requiring Defendants to provide Plaintiffs and Class Members all of the information required by California Labor Code §§ 226(a) and 1174 and IWC Wage Order 9 section 7;

18.    An award of damages and/or penalties for the knowing and intentional failure to provide the information required by California Labor Code § 226(a) that resulted in injury pursuant to section 226(e);

19.    An award of statutory penalties pursuant to California Labor Code §§ 203, 210, 225.5, 226(a), 226.3, 432.5, 558, 1174.5, 1197.1, and 2698-99 for the violations stated herein subject to proof at trial;

20.    An award of restitution of all amounts owed in unpaid wages, overtime wages, contract rate/minimum wages, and unlawful deductions from wages, and interest thereon, in an amount according to proof at trial, pursuant to California Business and Professions Code § 17203;

21.     A permanent injunction prohibiting Defendants from violating the California Labor Code and IWC Wage Order 9 and committing unlawful and unfair business practices proscribed by California Business and Professions Code §§ 17200 *et seq.*;

22.     Disgorgement of profits and all other appropriate equitable relief authorized by California Business and Professions Code § 17203;

23.     Prejudgment and post judgment interest on all sums awarded;

24.     For Declaratory relief that includes the following:

a. A judgment declaring that Defendants unlawfully misclassified Plaintiffs and Class Members as exempt from the overtime protections of California law as learned professionals.

b. A judgment declaring that Defendants unlawfully misclassified Plaintiffs and Class Members as exempt from the overtime protections of California law as executives.

c. A judgment declaring that CX and USAB are joint employers of Plaintiffs and Class Members for the purposes of California law.

d. A judgment declaring that Defendants have failed to pay Plaintiffs and Class Members overtime compensation due to California Labor Code § 510.

e. A judgment declaring that Defendants failed to promptly pay all wages when due to Plaintiffs and Class Members for the purposes of California Labor Code § 204.

f. A judgment declaring that Defendants willfully and/or intentionally failed to promptly pay all wages when due to Plaintiffs and Class Members for the purposes of California Labor Code § 210.

g. A judgment declaring that Defendants failed to provide meal periods to Plaintiffs and Class Members for the purposes of California Labor Code § 512.

h. A judgment declaring that Defendants failed to provide rest periods to Plaintiffs and Class Members for the purposes of California Labor Code § 226.7.

i. A judgment declaring that Defendants failed to provide reporting time pay to Plaintiffs and Class Members for the purposes of IWC Order 9 section 5.

j. A judgment declaring that Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiffs and the Class Members violated California Labor Code §§ 221, 222, 223.

k. A judgment declaring that Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiffs and Class Members was willful and/or intentional for the purposes of California Labor Code § 225.5.

l. A judgment declaring that Defendants violated California Labor Code §§ 201-203, by willfully failing to make timely payment of final wages due to Plaintiff GOLDTHORPE and Class Members who quit or have been discharged.

m. A judgment declaring that Defendants failed to reimburse Plaintiffs and Class Members for all costs incurred in the course and scope of their employment for the purposes of California Labor Code § 2802.

n. A judgment declaring that Defendants subjected Plaintiffs and Class Members to unlawful terms and conditions for the purposes of California Labor Code § 432.5.

o. A judgment declaring that Defendants violated California Labor Code § 1174 and IWC Wage Order No. 9 section 7, by failing to maintain and provide Plaintiffs and Class Members with access to complete and accurate records.

p. A judgment declaring that Defendants violated California Labor Code § 226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiffs and other Class Members.

q. A judgment declaring that that Defendants violated multiple provisions of the California Labor Code and IWC Wage Order No. 9 entitling Plaintiffs and Class Members to recover penalties pursuant to the California Private Attorneys General Act.

r. A judgment declaring that Defendants violated California Business and Professions Code §§ 17200-08, through conduct as set forth in foregoing paragraphs.

25. Attorney fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to California Labor Code §§ 218.5, 218.6, 226, 1194, and 2699, and California Code of Civil Procedure § 1021.5, and such other provisions as may be applicable;

///

///

///

///

26.   Costs of suit;

27.   An incentive award for Plaintiffs for bringing this action; and,

28.   Such other and further relief as is equitable, just, and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable of right by jury.

Respectfully submitted,

Dated: June 5, 2017                    **MASTAGNI HOLSTEDT, APC**


*/s/ Ace T. Tate*
DAVID E. MASTAGNI, ESQ.
ISAAC S. STEVENS, ESQ.
ACE T. TATE, ESQ.
Attorneys for Plaintiffs