UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN GOLDTHORPE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CATHAY PACIFIC AIRWAYS LIMITED, et al.,<br><br>    Defendants. | Case No. 17-cv-03233-VC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 144, 147 |

    The defendants' motion for summary judgment is denied. The plaintiffs' cross-motion for summary judgment is granted. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the arguments made by the parties.

    The parties cross-moved for summary judgment on the question whether the airline pilots qualify as exempt "learned professionals" under California's Wage Order 9. No one disputes the importance of a commercial pilot's work or the weight of their responsibility. Nor does anyone dispute that their expertise is highly technical and even specialized. But no reasonable juror could conclude that the airline pilots in this case meet the definition of a learned professional set forth in Wage Order 9 and 29 C.F.R. § 541.301.

    The regulations are clear that the learned professions are those that "customarily" entail "an advanced academic degree [a]s a standard (if not universal) prerequisite." 29 C.F.R. § 541.301(e)(1); *see also* 29 C.F.R. § 541.301(d) (explaining that the word "customarily" is used to "meet a specific problem," that is, to account for the rare professional who attains the same level of knowledge as their peers through means other than the usual formal education). There is

no genuine dispute that the pilots' occupation does not require such a degree or its equivalent. The Airline Transport Pilot License, the FAA's highest level of certification attainable by commercial pilots, does not require a college degree. *See* Tidmarsh depo., Dkt. No. 149-1 at 91–92, 96; *see also id.* at 125 (same for Hong Kong's equivalent license). Cathay, likewise, does not require an advanced degree or even a high school diploma as a condition of employment. *See, e.g.*, Ison Decl., Dkt. No. 150 at 4; Goldthorpe Decl., Dkt. No. 152 at 8.

The defendants attempt to equate the pilots' certifications and training with the prolonged intellectual study required to attain an advanced degree, but the comparison is not supported by the evidence. While the pilots in this case must undergo extensive training, that training consists primarily of flight hours and other practical experience, not extensive intellectual study. Their duties on the job, likewise, are not primarily intellectual in character. Although commercial pilots are occasionally called upon to exercise discretion and independent judgment, most commercial flights are routine if not largely automated. *See* Wage Order 9 (defining a learned professional as one "[w]ho *customarily and regularly* exercises discretion and independent judgment in the performance of [their] duties.") (emphasis added). These pilots are therefore not exempt from the wage and hour protections of California's Wage Order 9.

Although Cathay's position finds support in *Paul v. Petroleum Equipment Tools Company*, 708 F.2d 168 (5th Cir. 1983), the Court finds more persuasive the analysis of the Department of Labor's Administrative Review Board in *In re U.S. Postal Service*, No. 98-131, 2000 WL 1251361 (U.S. Dept. of Labor Aug. 4, 2000).

**IT IS SO ORDERED.**

Dated: April 3, 2023

_____
VINCE CHHABRIA
United States District Judge