UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN GOLDTHORPE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CATHAY PACIFIC AIRWAYS LIMITED, et al.,<br><br>    Defendants. | Case No. 17-cv-03233-VC   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 205 |

The parties have a dispute concerning Plaintiffs' privilege log. ECF No. 205. Plaintiffs' counsel has logged 382 communications with putative class members ("PCMs"). ECF No. 205-2. Plaintiffs' counsel says that in late January 2023, Defendants sent written notices with offers to settle to the PCMs, and the notices identified Plaintiffs' counsel. ECF No. 205-3. Plaintiffs' counsel says that shortly after this happened, about 80 PCMs contacted his office by phone and email seeking legal advice concerning the settlement offers. ECF No. 199-10 ¶ 2; ECF No. 205-4 ¶ 11. He says his office did not contact any PCMs who did not originally contact his office of their own accord, and that his office sent legal advice and updates to PCMs who contacted his office and asked to receive such legal information. ECF No. 205-4 ¶ 16.

Defendants argue that this explanation is implausible. They ask: If the communications originated from the PCMs, where are the inbound communications on the privilege log, which seems to list almost exclusively emails *to* the PCMs, not *from* them?

The Court has analyzed the privilege log in an attempt to figure this out. Entries 1-14,[1] 16-

---

[1] Entries 15, 18, 21, 24, 30, 33, 66, 68, 87, 100, 102, 104, 108, 110, 112, 114, 116, 118, 120, 123, 125, 127, 129, 132, 134, 136, 138, 140, 143, 145, 148, 150, 152, 154, 156, 158, 161, 164, 166, 168, 170, 172, 174, 176, 178, 181, 183, 185, 187, 189, 191, 193, 195, 197, 199, 201, 203, 205, 207, 209, 212, 215, 218, 220, 222, 224, 226, 228, 230, 232, 234, 236, 239, 244, 361 and 363 are Microsoft Outlook responses confirming that the email in the previous entry was delivered.

17, 19-20, 22-23, 25-29, 31-32, 34-65, 67, 69-86, 88-99, 101, 103, 105-07, 109, 111, 113, 115, 117, 119, 121-22, 124, 126, 128, 130-31, 133, 135, 137, 139, 141-42, 144, 147, 149, 151, 153, 155, 157, 159-60, 162-63, 165, 167, 169, 171, 173, 175, 177, 179-80, 182, 184, 186, 188, 190, 192, 194, 196, 198, 200, 202, 204, 206, 208, 211, 213-14, 217, 219, 221, 223, 225, 227, 229, 231, 233, 235, 238, 240-43, and 245 are status updates sent to the PCMs, and each is described as an "email." Occasionally (146, 210, 216, 237, 246) a PCM writes back, also described in the log as an "email."

But starting with entry 247 (and with the exception of entries 251, 265, 283, 291, 356, 359, 360, 362, 364, 366, 367, 368, 369, 376, 377, 378, 379, which are either single emails or voicemails), all of the entries are described as an "email chain." Each email chain is ascribed a specific date, not a date range. Are we meant to infer that the whole chain happened on that one day, or is that the last date in the email chain? Also, each chain lists an author and a recipient, but an "email chain" implies back and forth communication. Some of the email chains are dated January 2023, which looks consistent with Plaintiffs' counsel's statements that the PCMs initiated contact with his firm – except for the fact that his firm is listed as the author of the communication. The Court wonders: Is the reason that Defendants cannot find the original inbound communications from the PCMs that Plaintiffs did not log each email separately, but logged each chain once and assigned it the last day of the communications in the chain?

The Court **ORDERS** Plaintiffs to send a letter to Defendants by 5:00 p.m. Pacific time on September 13, 2023 explaining (1) where the inbound communications from the PCMs are on the privilege log; (2) if they are not on the log, why not; and (3) what "email chain" means on the log, including the meaning of the date, author and recipient when associated with an email chain. The Court **ORDERS** the parties to file a supplemental joint discovery letter brief no later than 5:00 p.m. on September 14, 2023 discussing the information Plaintiffs provide.

**IT IS SO ORDERED.**

Dated: September 12, 2023

THOMAS S. HIXSON
United States Magistrate Judge