1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DAN GOLDTHORPE, et al.,                    Case No.  17-cv-03233-VC   (TSH)

8                 Plaintiffs,

9          v.                                   **DISCOVERY ORDER**

10                                              Re: Dkt. Nos. 205, 209
     CATHAY PACIFIC AIRWAYS LIMITED,
     et al.,
11
                 Defendants.
12

13          The parties have two disputes concerning Plaintiffs' privilege log, which logs

14   communications between Plaintiffs' counsel and putative class members ("PCMs").  ECF Nos.

15   205, 209.  First, are the communications privileged?  Second, may Plaintiffs' counsel redact the

16   names of the PCMs in the privilege log?  The parties seem to agree that in this diversity case, *see*

17   ECF No. 1 (Complaint) ¶ 11 (alleging diversity jurisdiction), both questions are to be answered

18   under California law.  *See* Fed. R. Evid. 501.

19   **A.      Attorney-Client Privilege**

20          Plaintiffs have filed multiple declarations stating that in late January 2023, Defendants sent

21   written notices with offers to settle to the PCMs (e.g., ECF No. 205-3), and the notices identified

22   Plaintiffs' counsel.  The declarations explain that shortly after this happened, numerous PCMs

23   contacted Plaintiffs' counsel's office by phone or email seeking legal advice concerning the

24   settlement offers.  ECF No. 199-10 ¶ 2; ECF No. 205-4 ¶ 11; ECF No. 205-12 ¶ 9; ECF No. 209-1

25   ¶ 4; ECF No. 209-5 ¶ 3.  Counsel say they did not contact any PCMs who did not originally

26   contact their office of their own accord, and that their office sent legal advice and updates to

27   PCMs who contacted them and asked to receive such legal information.  ECF No. 205-4 ¶ 16;

28   ECF No. 205-12 ¶ 5; ECF No. 209-1 ¶ 8; ECF No. 209-5 ¶ 7.  Plaintiffs' counsel say that at the

United States District Court
Northern District of California

1    time Defendants had not produced a list of all the PCMs, nor their contact information, so all the

2    contacts had to have been initiated by the PCMs because counsel did not know who they were.

3    ECF No. 205-4 ¶ 13; ECF No. 205-12 ¶ 12; ECF No. 209-1 ¶ 9; ECF No. 209-5 ¶ 8.

4            These declarations are sufficient to establish that the communications with the PCMs are

5    attorney-client privileged.  The attorney-client privilege is "a privilege to refuse to disclose, and to

6    prevent another from disclosing, a confidential communication between client and lawyer," Cal.

7    Evid. Code § 954.   "'[C]onfidential communication between client and lawyer' means

8    information transmitted between a client and his or her lawyer in the course of that relationship

9    and in confidence by a means which, so far as the client is aware, discloses the information to no

10   third persons other than those who are present to further the interest of the client in the

11   consultation or those to whom disclosure is reasonably necessary for the transmission of the

12   information or the accomplishment of the purpose for which the lawyer is consulted, and includes

13   a legal opinion formed and the advice given by the lawyer in the course of that relationship."  Cal.

14   Evid. Code § 952.  "The term 'client' is not limited to persons who retain an attorney.  Rather, it

15   includes any person who 'consults a lawyer for the purpose of retaining the lawyer or securing

16   legal service or advice from him in his professional capacity.'" *Tien v. Superior Court*, 139 Cal.

17   App. 4th 528, 537 (2006) (quoting Cal. Evid. Code § 951).  "Thus, for purposes of the attorney-

18   client privilege analysis, there is no basis to distinguish between class members who retained

19   plaintiffs' counsel and those who did not." *Id.*

20           The Court was at first concerned that Plaintiffs' privilege log was inconsistent with the

21   declarations because it didn't seem to show any original inbound email communications from the

22   PCMs.  But the Court also suspected that these inbound communications might have been buried

23   in the "email chains" referenced in the log.  The Court ordered Plaintiffs to explain, ECF No. 208,

24   and they have now explained that this was indeed the case.  ECF Nos. 209 & 209-2.  It remains

25   true that for many of the PCMs, the first written communication on the log is from the law firm to

26   the PCM, but that does not concern the Court or call into question Plaintiffs' counsel's

27   declarations because counsel have been clear that many of the initial inbound communications

28   were phone calls.  *E.g.*, ECF No. 209-1 ¶ 4; ECF No. 209-5 ¶¶ 4 & 5.

United States District Court
Northern District of California

1    Defendants' argument that these communications were unprivileged solicitations of

2    business is supported by nothing.  In the supplemental brief (ECF No. 209), Defendants argue that

3    the failure of Plaintiffs' counsel to separately log each individual email with a PCM (they logged

4    each email chain as one document) means that Plaintiffs have waived the privilege.  However, as

5    one of the cases cited by Defendants points out, California law "prohibit[s] a trial court from

6    ordering a timely invoked privilege objection waived or overruled based on deficiencies in a

7    privilege log."  *Catalina Island Yacht Club v. Superior Court*, 242 Cal. App. 4th 1116, 1131

8    (2015).  "In those circumstances, the remedies available to the court are limited to ordering a

9    further response that provides sufficient information to allow the court to rule on the merits."  *Id*.

10   Plaintiffs have now provided sufficient information for the Court to rule on the merits, and the

11   Court finds that these communications are privileged.  Accordingly, the Court **DENIES**

12   Defendants' motion to compel the production of these documents.

13   **B.      Redacted Names**

14   Ordinarily, "[a] privilege log must identify with particularity each document the

15   responding party claims is protected from disclosure by a privilege and provide sufficient factual

16   information for the propounding party and court to evaluate whether the claim has merit."  *Id*. at

17   1130.  "The precise information required for an adequate privilege log will vary from case to case

18   based on the privileges asserted and the underlying circumstances.  In general, however, a

19   privilege log typically should provide the identity and capacity of all individuals who authored,

20   sent, or received each allegedly privileged document, the document's date, a brief description of

21   the document and its contents or subject matter sufficient to determine whether the privilege

22   applies, and the precise privilege or protection asserted."  *Id*.

23   However, "[i]nformation that is not protected by statutory privilege may nonetheless be

24   shielded from discovery, despite its relevance, where its disclosure would invade an individual's

25   right of privacy."  *Tien*, 139 Cal. App. 4th at 539 (cleaned up).  "In this case," as in *Tien*, "the

26   privacy rights at issue are those of the class members who contacted plaintiffs' counsel."  *Id*.

27   "Case law recognizes that compelling disclosure of the identity of persons who consult with

28   counsel implicates their right of privacy."  *Id*.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1      "In determining whether disclosure is required, the court must indulge in a careful

2    balancing of the right of a civil litigant to discover relevant facts, on the one hand, and the right of

3    the third parties to maintain reasonable privacy regarding their sensitive personal affairs, on the

4    other." *Id*. (cleaned up).  "The court must consider the purpose of the information sought, the

5    effect that disclosure will have on the affected persons and parties, the nature of the objections

6    urged by the party resisting disclosure and availability of alternative, less intrusive means for

7    obtaining the requested information." *Id*. (cleaned up).  "Based on an application of these factors,

8    the more sensitive the nature of the personal information that is sought to be discovered, the more

9    substantial the showing of the need for the discovery that will be required before disclosure will be

10    permitted." *Id*. at 540 (cleaned up).

11      Here, Defendants have no compelling need to learn the identities of the PCMs who

12    contacted Plaintiffs' counsel.  First, "the class members who contacted plaintiffs' counsel did so in

13    response to [Defendants'] letter.  That letter did not ask recipients to contact plaintiffs' counsel if

14    they had any relevant information." *Id*.  "Second, [Defendants] know[] the identity of all class

15    members, including" those "who received the . . . letter," *id*., and those with whom they settled.

16    Defendants are "free to contact class members to determine if they have any information they wish

17    to share." *Id*.  "Third, because [Defendants] should know how [they] compensated [their]

18    employees," and what information they provided them concerning the proposed settlements,

19    Defendants "should be aware of most of the relevant facts in the case." *Id*.

20      Fourth, Defendants cry foul because Plaintiffs requested all communications between

21    Defendants and the PCMs concerning the settlements, and Plaintiffs thought the protective order

22    was sufficient to protect privacy rights in that situation.  But now that the shoe is on the other foot,

23    and Defendants seek to know who communicated with Plaintiffs' counsel, Plaintiffs decline to

24    say, maintaining that the protective order is not sufficient to protect privacy in this situation.

25    However, the two situations are not comparable.  "Case law recognizes that compelling disclosure

26    of the identity of persons who consult with counsel implicates their right of privacy." *Id*. at 539.

27    And because the PCMs contacted counsel about the settlements Defendants had proposed, their

28    privacy interest lies in protecting their identity from being disclosed *to Defendants*.  The protective

1    order is not sufficient to protect that privacy right.  By contrast, not having communications with

2    one's employer or former employer made public is a more diffuse privacy concern against the

3    world and is not aimed at class counsel in particular.

4          Fifth, Defendants articulate only one thing they would do if they had the identities of the

5    PCMs who contacted Plaintiffs' counsel:  "[D]efendants are entitled to explore what efforts

6    plaintiffs' counsel made to convince them that their settlements were wrongfully obtained for

7    purposes of their motion."  ECF No. 205 at 7.  But a consequence of the Court's holding in section

8    A of this order is that those communications would all be privileged, and Defendants could not ask

9    about them.

10         Sixth, Defendants have a legitimate interest in trying to determine if the three PCMs who

11   submitted declarations in support of the motion to invalidate the settlements (ECF Nos. 199-2

12   (Petrack-Zunich Decl.), 199-5 (Mueller Decl.), 199-21 (Gillespie Decl.)) are representative of the

13   larger group or not.  But because Defendants know who they settled with, and have their contact

14   information, if they wanted to broadly survey those individuals, or take a random sample of those

15   individuals, they can and could already have done that without knowing who contacted Plaintiffs'

16   counsel.

17         "Thus, withholding the identities of class members who contacted plaintiffs' counsel

18   should not have a significant impact on [Defendants'] ability to defend [themselves] in the action."

19   *Tien*, 139 Cal. App. 4th at 540.

20         By contrast, the PCMs who contacted Plaintiffs' counsel have a valid privacy interest.

21   California law recognizes the general principle that "the identity of an attorney's clients is

22   sensitive personal information that implicates the clients' rights of privacy."  *Id*. (cleaned up).

23   "Every person has the right to freely confer with and confide in his attorney in an atmosphere of

24   trust and serenity," and "[c]lients routinely exercise their right to consult with counsel, seeking to

25   obtain advice on a host of matters that they reasonably expect to remain private."  *Id*. (cleaned up).

26   For example, "[a] spouse who consults a divorce attorney may not want his or her spouse or other

27   family members to know that he or she is considering divorce.  Similarly, an employee who is

28   concerned about conduct in his workplace, an entrepreneur planning a new business endeavor, an

United States District Court
Northern District of California

1    individual with questions about the criminal or tax consequences of his or her acts or a family

2    member who desires to rewrite a will may also consult an attorney with the expectation that the

3    consultation itself, as well as the matters discussed therein, will remain confidential until such

4    time as the consultation is disclosed to third parties, through the filing of a lawsuit, the open

5    representation of the client in dealing with third parties or in some other manner." *Id*. at 540-41

6    (cleaned up).

7         It is highly unlikely that the PCMs who contacted Plaintiffs' counsel expected that fact to

8    be made known to Defendants.  Defendants' letter to the PCMs ended by saying, in bold:  "Please

9    note that Cathay will not retaliate against you for signing or not signing the settlement agreement,

10   *nor will Cathay retaliate against you for seeking the advice of a lawyer*."  ECF No. 205-3

11   (emphasis added).  "If anything, the statement in the letter that contacting [Plaintiffs' counsel]

12   would not have any negative effect on their employment could be construed by its recipients as an

13   assurance that the contact would not be disclosed to their employer." *Tien*, 139 Cal. App. 4th at

14   541.

15        Defendants argue that *Tien* is not on point because that case concerned current employees,

16   who might be concerned about retaliation, whereas this case involves only former employees, who

17   would have no such concerns.  In fact, *Tien* concerned "current and former" employees, 139 Cal.

18   App. 4th at 532, and despite Defendants' protestations, Plaintiffs' counsel has submitted evidence

19   that at least some of the PCMs who contacted them are current employees, ECF No. 209-1 ¶ 11,

20   who would of course be concerned about retaliation.  Regardless, even if all of the PCMs who

21   contacted Plaintiffs' counsel were former employees, they still have at least some privacy interest

22   in the fact that they contacted a lawyer, they very likely did not anticipate that contact would be

23   revealed to Defendants, and Defendants' own letter probably contributed to that belief.  Weighing

24   that privacy interest against the minimal or nonexistent relevance of the fact that they contacted

25   Plaintiffs' counsel and the reality that their communications with Plaintiffs' counsel are privileged

26   anyway, the Court has little difficulty concluding that the PCMs' right to privacy justifies

27   redacting their names from the privilege log.

28        Accordingly, the Court **DENIES** Defendants' motion to compel an amended log stating

United States District Court
Northern District of California

the PCMs' names.

**IT IS SO ORDERED.**

Dated: September 18, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California