UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN GOLDTHORPE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CATHAY PACIFIC AIRWAYS LIMITED, et al.,<br><br>    Defendants. | Case No. 17-cv-03233-VC<br><br>**ORDER DENYING MOTION TO INVALIDATE SETTLEMENT RELEASES**<br><br>Re: Dkt. No. 199 |

       The plaintiffs move to invalidate settlement releases the defendants obtained from 57 putative class members. It's a somewhat close question, but the motion is denied. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the arguments made by the parties.

       The plaintiffs concede that, as a general matter, a defendant is permitted to secure releases from proposed class members to settle a wage and hour dispute. *See Chindarah v. Pick Up Stix, Inc.*, 171 Cal. App. 4th 796, 803 (2009). But the plaintiffs contend the way the defendants communicated with proposed class members was misleading and omitted critical information necessary for making an informed decision. *See Camp v. Alexander*, 300 F.R.D. 617, 621 (N.D. Cal. 2014). Specifically, the plaintiffs complain that the defendants failed to mention Ninth Circuit and California Supreme Court precedent unfavorable to them. The plaintiffs also take issue with the defendants' failure to provide information about how the settlement offers compared to the maximum potential recovery. And they note the tight deadline the defendants gave the proposed class members for deciding whether to accept the offer.

       The plaintiffs' concerns about the communications between the defendants and proposed

class members are not unreasonable. When a defendant in a proposed class action communicates with potential class members about the case, the defendant is under the highest obligation to do so in an objective and balanced way, without omitting information that would be important for the proposed class members to consider, and without a hint of coercion. Here, the defendants' communication with the proposed class members was not perfect. The defendants could have done a better job of encouraging contact with class counsel and prominently explaining how to do so. They could have offered a more balanced description of the case, its posture, and its potential value. Nor is it clear why the defendants imposed a deadline of 11 days (albeit with a brief extension) for accepting the settlement offer. But on these facts, and with this group of potential plaintiffs, the deficiencies in the defendants' communications are not so great as to warrant judicial intervention.

It may well be different if the proposed class members were low-income workers—particularly low-income workers who the defendants continued to employ. But here, the concerns are diminished somewhat because the proposed class is comprised of sophisticated airline pilots (most of whom no longer work for the defendants) who are better equipped to advocate for themselves and less likely to feel financially pressured into accepting settlement amounts below what they may be owed. Moreover, although the plaintiffs have expressed great confidence that the claims are not preempted by federal law, there is some case law going the other way. *See Horowitz v. SkyWest Airlines, Inc.*, No. 21-CV-04674-MMC, 2023 WL 3605980, at *2-3 (N.D. Cal. May 22, 2023); *see also Joseph v. Berkeley Group, LLC*, 823 F. App'x 472 (9th Cir. 2020). And even assuming a jury were instructed that California law applied, there are real questions about how much sympathy that jury would have for pilots requesting compensation for meal and rest breaks under California wage and hour laws, and real questions about how much the jury would be willing to award. One could easily imagine a jury resolving any doubts about how to calculate compensatory damages and penalties in favor of the defendants. Indeed, as the parties' supplemental briefs show, it is particularly difficult to value the claims in this case, and therefore difficult to conclude that the discount reflected in the

settlement amounts is so steep as to create an inference that the defendants coerced or misled the proposed class members.

The case law relied on by the plaintiffs is also readily distinguishable. The defendants here did not present the settlement releases to potential class members at mandatory one-on-one meetings with managers at the workplace. *See Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 517 (N.D. Cal. 2010). In fact, as noted, most of the proposed class members were no longer employed by the defendants at the time they were contacted to settle. *See Kirby v. Kindred Healthcare Operating, LLC*, No. 5-19-CV-00833-JLS-DFM, 2020 WL 4639493, at *3 (C.D. Cal. May 1, 2020) ("[T]he risk of coercion and abuse is higher in the context of an employer-employee relationship."). Nor did the defendants fail to mention that a lawsuit was pending, fail to include a copy of the complaint, or fail to discuss the claims. *See Marino v. CACafe, Inc.,* No. 16-CV-6291 YGR, 2017 WL 1540717, at *3 (N.D. Cal. Apr. 28, 2017); *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 WL 2724512, at *4 (N.D. Cal. July 8, 2010). This is also not a case where the putative class members were offered paltry sums of money in exchange for their releases. *See Kirby*, 2020 WL 4639493, at *4. Overall, the defendants' conduct does not resemble the type of coercion and manipulation discussed in the cases where courts have ruled for named plaintiffs on this issue.

One final comment. Even if the Court were to rule in favor of the plaintiffs, it likely would not impose the remedy the plaintiffs seek—namely, outright invalidation of the releases. A seemingly more appropriate remedy, at least on this record, would be to declare "the individual settlement agreements *voidable* at the election of each settling putative class member." *Kirby*, 2020 WL 4639493, at *6. Only two proposed class members have complained to this Court about their individual settlements with the defendants, notwithstanding the outreach that plaintiffs' counsel no doubt conducted. This suggests it is unlikely that many (if any) of them would choose to void their settlements if given this option. But in any event, the record in this case does not support declaring the settlements voidable.

**IT IS SO ORDERED.**

Dated: December 7, 2023

_____
VINCE CHHABRIA
United States District Judge