UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| DAN GOLDTHORPE, JAMES DONOVAN, CHRIS BENNETT, JAMES ISHERWOOD, AND DAVID VINCENT, on behalf of themselves and all similarly situated individuals,<br><br>　　　　Plaintiffs,<br>　v.<br><br>CATHAY PACIFIC AIRWAYS LIMITED and USA BASING LIMITED,<br><br>　　　　Defendants. | **Case No. 3:17-CV-03233-VC**<br><br>**[REVISED** ~~PROPOSED~~**] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Vince Chhabria<br><br>Complaint Filed: June 5, 2017 |

**[PROPOSED] ORDER**

WHEREAS, Plaintiffs Dan Goldthorpe, James Donovan, Chris Bennett, James Isherwood, and David Vincent, ("Plaintiffs"), and Defendants Cathay Pacific Airways Limited and USA Basing Limited ("Defendants" or "Cathay") (collectively the "Parties"), entered into a Class Action Settlement Agreement (Dkt. No. 240-3) and Addendum to the Settlement (Dkt. No. 249, Exh. 1) (collectively the "Settlement Agreement"), which set forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, by Order dated September 11, 2024, the Court granted preliminary approval of the Settlement between the Parties in this Action and ordered Notice of Settlement to be emailed and mailed to all Class Members explaining the terms of the Settlement and providing them with the opportunity to request to be excluded from or object to the Settlement (Dkt. No. 251);

WHEREAS, by Order dated September 11, 2024, the Court also provisionally certified the Class for settlement purposes only, finding that the Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs and Class Counsel are adequate representatives of the Class (*Id.*);

WHEREAS, the Court held a Final Approval Hearing on December 5, 2024, to consider approval of this Settlement;

WHEREAS, the Court has considered the Settlement Agreement, the record in this Action, and the Parties' arguments and authorities;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's Preliminary Approval Order.

2. The Court has jurisdiction over this Action and the Parties.

**Class Certification and Class Representation**

3. The Court confirms the finding in its Preliminary Approval Order that, for

purposes of the Settlement only, all requirements for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. It therefore certifies the following Class:

> All individuals who have worked as California-based pilots for Defendants at any time during the period from June 5, 2013 through the date of preliminary approval, other than individuals who executed a settlement and release of claims related to this Class Action with Defendants prior to the effective date of the Settlement.

4. The Court confirms its previous appointment of Dan Goldthorpe, James Donovan, Chris Bennett, James Isherwood, and David Vincent as class representatives. The Court finds that these class representatives have fairly and adequately represented, and will fairly and adequately represent, the interests of the Class.

5. The Court confirms its previous appointment of Class Counsel as counsel representing the Class under Federal Rule of Civil Procedure 23(g). The Court finds that Class Counsel have fairly and adequately represented, and will fairly and adequately represent, the interests of the Class.

6. The Court confirms its earlier appointment of Apex Class Action LLC to serve as the Settlement Administrator and finds that it thus far has fulfilled its duties under the Settlement. The Court orders that the Settlement Administrator be paid in accordance with the Settlement Agreement.

## **Notice**

7. The Court finds that the dissemination of the Notice of Settlement:

   (a) Was implemented in accordance with the Court's Preliminary Approval Order;

   (b) Constituted the best notice practicable under the circumstances;

   (c) Constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the Releases to be provided thereunder); (iii) Class Counsel's Motion for Attorneys' Fees, Costs and Service Awards to Named Plaintiffs; (iv) their right to object to any aspect of the Settlement; (v)

their right to exclude themselves from the Class; (vi) their right to challenge their individual allocation amount; and (vii) their right to appear at the Final Approval Hearing;

(d) Constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and

(e) Satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8. No Class Member is relieved from the terms of the Settlement Agreement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

9. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.

10. No Settlement Class Member has objected to any aspect of the Settlement, nor requested exclusion from the Settlement. Thus, it is hereby determined that all Class Members are bound by this Order and the Judgment.

**Approval of the Settlement under Rule 23(e)**

11. Pursuant to Federal Rule of Civil Procedure 23(e), the Court, applying the heightened scrutiny appropriate to settlements reached prior to a ruling on class certification, hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Class Members.

12. The Court finds that the Settlement is the product of serious, informed, noncollusive negotiations conducted at arm's-length by the Parties. In making these findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of Plaintiffs and members of the Class (which totals 109 individuals), Defendants' potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Class as a result of the Settlement, the Parties' participation in mediation with an experienced class action mediator, and the fact that the proposed Settlement

1  represents a compromise of the Parties' respective positions rather than the result of a finding of
2  liability at trial. The Court further finds that the terms of the Settlement have no obvious
3  deficiencies and do not improperly grant preferential treatment to any individual member of the
4  Class.

5     13.   Accordingly, the Court authorizes and directs implementation and performance of
6  all the terms and provisions of the Settlement Agreement, as well as the terms and provisions
7  hereof. The Court hereby dismisses the Action and all claims asserted therein with prejudice. The
8  Parties are to bear their own costs, except as and to the extent provided in the Settlement
9  Agreement, the Court's Order regarding Plaintiffs' Motion for Attorneys' Fees Costs and Service
10 Awards, and herein.

11    14.   The terms of the Settlement Agreement, this Order, and the separate Judgment
12 shall be forever binding on Defendants, Plaintiffs, and all Class Members.

**Plan of Allocation**

14    15.   The Court adopts the Parties' proposed plan of allocation for purposes of
15 allocating the Net Settlement Amount. Class Members' individual settlement payments are based
16 on their average regular rate of pay, number of hours worked, and flights flown during the Class
17 Period. The Court finds and concludes that the plan of allocation is, in all respects, fair,
18 reasonable, and adequate, and the Court hereby approves the plan of allocation.

**Releases**

20    16.   The Releases set forth in paragraphs 25, 56, 57, and 58 the Settlement Agreement
21 are expressly incorporated herein. The Releases are limited to claims that were alleged in the
22 Complaint or arise out of the facts set forth in the Complaint and could have been alleged. The
23 Releases are effective as of the Effective Date.

24    17.   Accordingly, this Court orders that without further action by anyone, and subject
25 to paragraph 18, *infra*, upon the entry of Judgment, Plaintiffs, and each member of the Class,
26 shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever
27 released, relinquished, and discharged all Released Claims against the Defendants (including
28 Unknown Claims).

18. Claims to enforce the terms of the Settlement or any order of the Court relating to the Settlement of the Action are not released. Nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement, this Order, or the Judgment.

### Retention of Jurisdiction

19. Without affecting the finality of the Judgment in any way, the Court reserves jurisdiction over the subject matter and each party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

20. A separate order shall be entered regarding Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. Such order shall in no way affect or delay the finality of this Order or the Judgment and shall not affect or delay the Effective Date of the Settlement.

### Settlement Administration

21. Absent further order of the Court, the Court hereby sets the following schedule for completing the administration of the Settlement in this matter:

   (a) Within 30 days of the Effective Date of the Settlement Defendants will transfer the Gross Settlement Amount to the Settlement Administrator.

   (b) Within 14 days of receiving the Gross Settlement Amount from Defendants, the Settlement Administrator shall mail the individual settlement payments to the Class Members, the LWDA, and Named Plaintiffs.

   (c) Within 14 days of receiving the Gross Settlement Amount from Defendants, the Settlement Administrator shall mail Service Award payments to the Named Plaintiffs.

   (d) Class Members shall have 180 days to cash their settlement check after the settlement checks are mailed. If a Class Member fails to cash their check within that time, the settlement check shall become void.

   (e) If after the 180 day-period to cash checks is complete and the aggregate amount of uncashed checks is equal to or exceeds $25,000.00, within 30 days

|   |   |   |
|---|---|---|
| 1 | | the Settlement Administrator shall distribute the uncashed amounts as |
| 2 | | supplemental settlement payments on a pro rata basis to the Class Members |
| 3 | | who cashed their original checks, after deducting any additional distribution |
| 4 | | costs. Those Class Members shall have 180 days to cash their supplemental |
| 5 | | settlement check after the settlement checks are mailed. If after the 180 day- |
| 6 | | period there is any amount of uncashed checks, the Settlement Administrator |
| 7 | | shall evenly distribute any uncashed supplemental payments to *cy pres* |
| 8 | | recipients Legal Aid at Work and the National Center for Youth Law. |
| 9 | (f) | If after the 180 day-period to cash checks is complete and the aggregate |
| 10 | | amount of uncashed checks is less than $25,000.00, the Settlement |
| 11 | | Administrator shall evenly distribute the balance of any uncashed checks to *cy* |
| 12 | | *pres* recipients Legal Aid at Work and the National Center for Youth Law. |
| 13 | (g) | Within 14 days of receiving the Gross Settlement Amount from Defendants, |
| 14 | | the Settlement Administrator shall transfer to Class Counsel's bank account |
| 15 | | the full amount approved for litigation expenses and 90% of the amount |
| 16 | | approved for attorneys' fees. |
| 17 | (h) | The Settlement Administrator will withhold 10% of the Class Counsels' |
| 18 | | attorneys' fees until after Class Counsel has filed the post-distribution |
| 19 | | accounting described in paragraph 22, *infra*. |

22. The Parties shall file a post-distribution accounting in accordance with this Northern District's Procedural Guidance for Class Action Settlements within 21 days after the substantial completion of the Net Settlement Fund's distribution ("Post-Distribution Accounting"), and payment of attorneys' fees, costs, and Service Awards to Named Plaintiffs, if any. The Post-Distribution Accounting shall include information on when payments were made to Class Members, the number of Class Members who were sent payments, the total amount of money paid out to Class Members, the average and median recovery per Class Member, the largest and smallest amount paid to Class Members, the number and value of cashed and uncashed checks, the number of Class Members who could not be contacted, the number of

objections and opt-outs, the amount to be distributed to each *cy pres* recipient, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

23. With Post-Distribution Accounting, Class Counsel shall submit a proposed order releasing the remainder of the attorneys' fees.

**IT IS SO ORDERED.**

Date: December 10, 2024

_____
Hon. Vince Chhabria
United States District Judge