DAVID E. MASTAGNI, ESQ. (SBN 204244)
davidm@mastagni.com
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone:   (916) 446-4692
Facsimile:    (916) 447-4614

NATHAN ALDER, Esq. (Utah State Bar No. 7126) (*pro hac vice*)
**CHRISTENSEN & JENSEN**
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: 801-323-5000

CLASS COUNSEL

JOHN P. ZAIMES (SBN 91933)
**GREENBERG TRAURIG LLP**
18565 Jamboree Rd, Ste 500
Irvine, CA 92612-2562
Telephone: (949) 732-6552
John.Zaimes@gtlaw.com

NOAH MOON WOO (SBN 311123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Noah.Woo@gtlaw.com

Attorneys for Defendants
CATHAY PACIFIC AIRWAYS LIMITED. and USA BASING LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| DAN GOLDTHORPE, JAMES DONOVAN, CHRIS BENNETT, JAMES ISHERWOOD, AND DAVID VINCENT, on behalf of themselves and all similarly situated individuals,<br><br>        Plaintiffs,<br>    v.<br><br>CATHAY PACIFIC AIRWAYS LIMITED and USA BASING LIMITED,<br><br>        Defendants. | **Case No. 3:17-CV-03233-VC**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's February 27, 2026 Minute Order (Dkt. 271) and Civil Local Rule 16-10(d), Class Counsel and Defendants submit this Joint Case Management Statement regarding plaintiff James Donovan's allegations that taxes are being improperly withheld from his settlement payment.

**PROCEDURAL BACKGROUND**:

The Court granted final approval, entered judgment, and the case was closed on December 10, 2024. (Dkt. 263, 264.) The Settlement Agreement provided for a $16,650,000 Gross Settlement Amount paid into a Qualified Settlement Fund ("QSF"). (Dkt. 240-3.) The Gross Settlement Amount included all payments to Class Members, but specifically excluded the employer's share of payroll taxes, for which the Defendants were separately liable (*Id*. at ¶¶ 14, 36, 37, 50.)

Apex Class Action LLC ("Apex") served as the approved class action Settlement Administrator. (Dkt. 263.) Under the Settlement Agreement, the Settlement Administrator holds and administers the Gross Settlement Amount in a QSF within the meaning of 26 C.F.R. section 1.468B-1 and is responsible for, among other duties, "calculating tax obligations [and] remitting any and all tax obligations to the appropriate taxing authorities (including, at Defendants' option, the employer's share of standard payroll taxes)." (*Id*. at ¶¶ 37, 60.) For reporting purposes, any portions of the settlement allocated as wage payments will be reported on a Form W-2, while PAGA penalty payments will be reported on a Form 1099. (*Id*. at ¶ 50). Pursuant to the Settlement Agreement, ninety eight percent of the settlement payments were deemed wage payments subject to tax and other withholding required by law, and two percent were deemed PAGA penalty payments. (*Id*. at ¶¶ 44, 47, 49.) Ultimately, Class Members bear the sole responsibility for any employee-side tax liability resulting from these payments, and the Settlement Agreement makes no representations regarding the specific tax consequences for any individual. (*Id*.)

**SUMMARY OF THE DISPUTE:**

  A. **Class Counsel's Statement**: Class Counsel does not represent Mr. Donovan in connection with his individual objection to California State Disability Insurance ("SDI")

1  withholdings. Class Counsel neither oppose nor support his objection, as the Settlement
2  Agreement provides that the Settlement Administrator shall make the tax determinations. Also,
3  countervailing concerns exist regarding the impact of this determination on the Class;
4  unnecessary SDI deductions would reduce the Class Members' net recovery, while potential tax
5  penalties could accrue for failure to pay required SDI withholdings. The details provided below
6  are informational for the Court, and Class Counsel take no substantive position on the issue.

7  This dispute raises a narrow and novel tax-administration question regarding whether
8  SDI applies to a QSF-administered class wage settlement for California-based pilots working for
9  a foreign carrier on foreign-registered aircraft. Questions exist over the scope of *Ward v. United*
10 *Airlines, Inc.,* 9 Cal.5th 732 (2020), and whether the territorial nexus for California wage laws
11 extends to SDI for income largely earned outside the U.S., potentially violating constitutional
12 taxing authority.

13 Upon receiving the Court's Minute Order setting this hearing, Class Counsel contacted
14 Apex for more information about Mr. Donovan's objection. Based on the emails provided by
15 Apex at that time, it is the understanding of Class Counsel that throughout February, Mr.
16 Donovan communicated directly with Apex to object that the SDI withholding by Apex was
17 improper based on statutory exclusions, prior Cathay precedents, EDD confirmations, and QSF
18 regulatory requirements. He also demanded a direct refund and threatened further action
19 including Court intervention under the settlement's terms. Apex's responses, primarily from Apex
20 Director of Disbursements and Data Operations Mike Gelhar, defended the withholding as
21 legally required under QSF rules, confirmed remittance to the state, declined to issue refunds,
22 and redirected Mr. Donovan toward professional tax advice without conceding error.

23 Specifically, Mr. Donovan disputed the $1,391.70 in SDI withholding, asserting that his
24 long-term employment with Cathay Pacific had been exempt from FICA, FUTA, SUI, and SDI
25 for 23 years due to services performed outside the U.S. on a foreign aircraft, and he demanded an
26 immediate refund.

27 ///
28 ///

On February 5, 2026, Mr. Gelhar advised Mr. Donovan:

> Regarding the SDI withheld from your award, the settlement funds are held in a Qualified Settlement Fund ("QSF"), which is a distinct legal entity. Cathay deposited the total settlement amount into the QSF, and then the QSF distributed payments to individual Class Members. The tax treatment of the payments is determined by the rules governing QSFs. "A qualified settlement fund must make a return for, or must withhold tax on, a distribution to a claimant if one or more transferors would have been required to make a return or withhold tax had that transferor made the distribution directly to the claimant." (26 C.F.R. § 1.468B-2(l)(2)(ii)(A).) The "transferor" refers to the person funding the QSF, here Cathay. You had filled out an indemnification for FICA tax, however the QSF still had to withhold Federal Income Tax, California State Tax, and California SDI. The SDI withheld from your award was sent to California on March 13th, 2025. If you have further questions regarding the taxability of your award, please consult your tax professional.

Mr. Donovan responded to Mr. Gelhar citing various authorities, including California Unemployment Insurance Code section 648, which excludes services performed outside the United States on non-American vessels or aircraft from the definition of "employment" to further contest the SDI withholding.

Mr. Gelhar ultimately directed him to provide the tax documents to a tax professional. Mr. Donovan responded that the DLSE and EDD had informed him employers must refund improper deductions and demanded a direct answer on whether Apex would refund the SDI.

Mr. Donovan filed a letter with the Court that has not been provided to Class Counsel.

**Defendants' Statement**: Defendants Cathay Pacific Airways Limited and USA Basing Limited agree with the Procedural Background above. However, as regards Plaintiffs' Statement above, the Defendants do not make any substantive comment, because Defendants had no responsibility for, and did not participate in, the determination of individual Class Members' settlement payments or the withholding of taxes and other deductions required by law from those payments. Under the Settlement Agreement, those undertakings were the sole responsibility of Apex as the Court-approved Settlement Administrator. Defendants also were not involved in and did not receive contemporaneous notice of communications between Mr. Donovan and Apex described in Plaintiffs' Statement.

///

Dated:                                    **MASTAGNI HOLSTEDT**

By: */s/ David E. Mastagni*
    DAVID E. MASTAGNI
    NATHAN ALDER *pro hac vice*
    CLASS COUNSEL

Dated:                                    **GREENBERG TRAURIG LLP**

By: */s/ John P. Zaimes*
    JOHN P. ZAIMES
    Attorney for Defendants
    CATHAY PACIFIC AIRWAYS LTD. and USA
    BASING LTD

**SIGNATURE ATTESTATION**

I hereby attest that I have obtained the authorization from the signatories to this e-filed document and have been authorized to indicate their consent by a conformed signature (/s/) within this e-filed document.

By: */s/ David E. Mastagni*
    DAVID E. MASTAGNI